Fink v. Umscheid.

LOUIS M. FINK *et al.* v. CONSTANTINE UMSCHEID *et al.*

1. CHURCH ORGANIZATION, *Action for Benefit of.* Where property is claimed by a church organization not incorporated, and the property is in dispute, any number of the members of such association or congregation may maintain an action for the benefit of the church, under § 35, Comp. Laws of 1885.

2. LAND, *Bought by Church; Trust, Created and Enforced.* Where a church organization not incorporated purchases real estate for the benefit of such congregation, and the purchase-price is paid, the property improved, and possession retained by such congregation, and the property is conveyed to some person in trust for such church and congregation, a trust is thereby created that may be enforced although not in writing. (*Franklin v. Colley,* 10 Kas. 261.) And it can make no difference that the person to whom the land is conveyed is the bishop of the denomination of which said church is a part.

*Error from Pottawatomie District Court.*

ACTION brought by *Constantine Umscheid* and others, who sued for themselves and the persons composing the Catholic church and congregation at Rock Creek, in Pottawatomie county, against *Louis M. Fink* and two others, to cancel a certain deed executed by Louis M. Fink to Frank Winter, and to declare the land to be held by said Fink in trust for the use and benefit of the Catholic church of Rock Creek, in said county. Trial by the court, at the June term, 1886, and judgment for the plaintiffs below. The defendants bring the case here for review. The evidence shows that sometime in 1868 the plaintiffs, with other persons composing the Catholic church and congregation at Rock Creek, in Pottawatomie county, purchased through the priest then in charge of the congregation, eighty acres of land. The land was bought for a church farm, to be used and cultivated for that particular congregation and Catholic church. The land was fenced and put in cultivation by the congregation, and was cultivated, farmed and rented by it. The land was paid for largely out of the proceeds of its rental. The improvements placed upon the land were made by the congregation, and were of about the

same value as the land, and this congregation held the continued and uninterrupted possession up to the time of the sale in 1885. In 1882 a part of the land was sold by the bishop, plaintiff in error, and afterward it was repurchased by the congregation and reconveyed to him so as to preserve the tract intact for the church. This sale in 1882 was without the consent and against the wishes of the congregation. In 1885 the bishop sold and conveyed the entire tract, less a small portion occupied by the church building, to Frank Winter, for $1,625. Frank Winter at the time of purchase had knowledge that the church claimed the property as the individual property of that congregation, and that it also claimed that the bishop held the property in trust for it; and with this knowledge he purchased the land.

*Thos. P. Fenlon,* and *Lucien Baker,* for plaintiffs in error. *Green & Hessin,* for defendants in error.

Opinion by CLOGSTON, C.: Plaintiffs in error now insist that there was error in the proceedings below: First, that the plaintiffs had no right to bring this action; second, that this property was held by the plaintiff in error, the bishop of the diocese of Leavenworth; that, under the rules and regulations of the Catholic church, all property is held by the bishop for the benefit of the Catholic church at large; that he had the right to sell and control the same at his pleasure, and that, having disposed of the property as he saw fit, the plaintiffs had no right to complain of his action in this sale; and third, that the evidence failed to show that the defendant took the title to the land as a trust for the Rock Creek congregation, and that no trust can be created as claimed unless some contract creating the same be in writing.

Section 38 of the code of civil procedure provides that—

"When the question is one of common or general interest to many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

It is true that the congregation at Rock Creek was not incorporated, and could not hold title to lands, but it might purchase as an association, and have the property conveyed to some person in trust for it; and where, as in this case, it is claimed that the land was purchased by a congregation of individuals, the purchase-price paid by them, the property improved and the possession retained by them, and by an arrangement with the purchaser the land was conveyed to some person for and in trust for them, a trust is created that may be enforced, although not in writing. (*Franklin v. Colley,* 10 Kas. 261.)

The question whether or not this land was conveyed with the express understanding that it was to be held in trust for the Rock Creek congregation, was a question of fact which was submitted to the court, and upon that issue testimony was given to the court by the parties who conveyed the land in the first instance to the bishop; the testimony of the bishop as to his information about the same; and the testimony of a number of the congregation in respect to what purposes the land was intended to be used for; and upon these questions of fact the court found in favor of the plaintiffs and against the defendants. This finding is conclusive. The evidence clearly shows that at the time this land was purchased the priest in charge visited a great number of his parishioners and conversed with them in relation to buying the property. He held out the inducement to them that it would enable them to maintain a church and a priest, and aid them in school purposes, and by this farm thus acquired they would be better able to maintain their church; and with this understanding the property was bought. It was conveyed to the bishop, as all property owned by a congregation not incorporated is, in accordance with the usage of the Catholic church. The evidence was clear that this was the understanding of the people who contributed to its purchase and to its improvement, and the claim that it was conveyed to the bishop to do with and dispose of as he saw fit, was an afterthought, and not a part of the original agreement.

Plaintiffs in error still insist that under the usages and customs of the Catholic church, all property is conveyed to the bishop as the absolute property of the Catholic church. However this may be, the evidence in this case does not disclose that fact. The bishop testified as to the general usage of the church, and the custom of bishops to hold all the property of the church, save and except where some church organization is incorporated; but he also said that he held this property by reason of the original understanding that it was conveyed to him to do with as he pleased, or to aid in the education of destitute young persons who were unable to procure an education, and that he had no power or right to convey it for any other purpose; that he respected the trust reposed in him, and to carry it out he sold the property. He recognized that he held the land as a trustee for a particular purpose, and that created as he claimed by reason of the understanding or agreement at the time the land was conveyed; and as the court has held against him on this theory, and as we think the evidence clearly supports the finding of the court, this claim is not tenable. From the testimony of the priest himself, and his conversation with the committee who went to him to secure the re-purchase of the ten acres of land sold in 1882, all goes to show that this land was to be held in trust by the bishop for this particular congregation at Rock Creek. This being so, the action of the bishop in selling and conveying the land was in violation of that trust; and it appearing that the purchaser had full knowledge of the claim and the rights of this congregation to the property, and the bishop's trust therein, and the court having found in favor of the plaintiffs upon the evidence, and the evidence all tending to support the judgment, the judgment must be affirmed.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

VALENTINE and JOHNSTON, JJ., concurring.

HORTON, C. J.: Upon the view that the land in question

was conveyed with the express understanding it was to be held in trust for the Rock Creek congregation, I concur, with some doubt, in the judgment ordered.

If, however, it had been established upon the trial that the title to the property was conveyed with the understanding between the parties that, by the usages and customs of the Catholic church, it was vested in the bishop in trust to be used for church purposes generally, as his own judgment might determine, the judgment of the trial court could not be sustained.