L. B. BAIRD AND JAMES BAIRD, *Partners as L. B. Baird & Son* AND THOMAS R. JACKSON, *Sheriff of Canadian County, Territory of Oklahoma,* v. CHARLES J. WILLIAMS.

JUDGMENTS—*Homestead Law of 1890 Construed.* A judgment was recovered by the plaintiff in error on the 12th day of October, 1891, in the district court of Canadian county against W. L. Williams for the sum of four hundred and eighteen dollars and forty-two cents with interest and costs. The judgment remained open and unpaid on the 27th day of December, 1892, when the judgment debtor bought from Taylor the southeast quarter of section thirty-three, township thirteen, range 5, west of the Indian meridian, in said county. A general warranty deed was executed and delivered to said Williams, granting the land to him in fee simple. Williams was living with his family on his homestead, a separate tract of land in no way connected with the land in question. A execution upon this judgment was levied upon the land on October 10, 1893. Thereupon the defendant in error sought and obtained from the district court an order temporarily restraining and enjoining the plaintiff in error, the sheriff, from further proceedings under the execution upon the ground that the purchase had been made for

the defendant in error, Charles J. Williams, who intended to use it as a homestead, by the purchaser, his brother, who was indebted to him, and that the conveyance had been made to W. L. Williams with the knowledge and for the benefit of Charles J Williams, in order that the mortgage might thereby be made upon the land, which would have been impossible under the laws as they stood at that time, if the conveyance had been made to Charles J. Williams, the laws of Oklahoma at that time permitting but eighty acres of the homestead to be mortgaged. Charles J. Williams had, in fact, moved upon the land and made his home there immediately after the purchase of the land by W. L. Williams. Upon trial by the court the temporary restraining order was made permament. *Held*, that while it was provided under the Statutes of 1890, applicable in this case, that the right of an encumbrancer of real property for value shall not be prejudiced by an implied or resulting trust of which there was no notice, the judgment in this case not having been obtained, and not subsisting upon the land by reason of any advantage or value rendered to the particular property in question, and the land being the homestead of the defendant in error, that the judgment is not under an " encumbrance of the real property for value," that the land would not be subjected to its judgment.

*Error from the District Court of Canadian County.*

*Frank G. White*, for plaintiffs in error.

The opinion of the court was delivered by

McAtee, J.: A judgment was recovered by the plaintiffs in error on the 12th day of October, 1891, in the district court of Canadian county against W. L. Williams for the sum of four hundred and eighteen dollars and forty-two cents, with interest and costs. This judgment remained open and unpaid upon the 27th day of December, 1892, when the judgment debtor, W. L. Williams, bought from John B. Taylor the southeast quarter of section thirty-three, township thirteen, range five west of the Indian meridian, situated in said county. A deed of general warranty was duly executed and delivered to W. L. Williams, granting the land to Williams in fee simple. Williams was living with his family on his homestead upon a separate tract of land in no way connected with the land in question. The plaintiffs in error caused an execution to issue upon the judgment

mentioned upon the 10th day of October, 1893, which was levied upon the land herein described.

Thereupon the defendant in error sought and obtained from the district court an order temporarily restraining and enjoining the plaintiff in error, T. R. Jackson, sheriff, from further proceedings under the execution.

Upon the trial of the cause the defendant in error, plaintiff below, produced evidence to show that W. L. Williams, who was his brother, was in debt to him in the sum of six hundred dollars, and that in order to pay off this sum, W. L. Williams had purchased and paid the consideration for the land in question from Taylor for him, Charles J. Williams, and had taken the title in his own name; that while the property was purchased for him, Charles J. Williams, for the purpose of a homestead for him, that yet, if the title had been taken in his name he would, under the laws of this Territory as they stood at that time, have been unable to mortgage more than eighty acres of the land, and that in order to make the purchase it was necessary to execute a mortgage of eleven hundred dollars upon the land, and that eighty acres thereof would have been inadequate security for this amount; and that in order to complete the arrangement, the purchase had been made by W. L. Williams, who had his homestead elsewhere, and was, therefore, able to execute a valid mortgage upon the whole quantity of land, amounting to one hundred and sixty acres.

The equity of redemption represented, approximately, the amount which was claimed to be due from W. L. Williams to Charles J. Williams. The arrangement by which W. L. Williams paid the consideration and took the title to the property in his own name, was made with the knowledge of the defendant in error, who moved

upon the land in question shortly afterward and established his residence there.

The agreement by which it was claimed that this method was adopted between the defendant and W. L. Williams, and was intended to pay off the indebtedness claimed to be due from the latter to the defendant in error, was made verbally.    It was sought by the defendant in error by this evidence to prove the creation of a resulting trust to him in the real estate.

Trial before the court.    Evidence produced by plaintiff, and demurred to by defendant, plaintiff in errror here.    Demurrer overruled.    Plaintiff in error, defendant below, thereupon produced his testimony, with other witnesses L. B. Baird, one of the plaintiffs in error, who testified that he had not had actual notice of any such contract between Charles J. Williams and W. L. Williams.

The attorney who drew the deed and mortgage or mortgages at the time of the conveyance of the land from Taylor to W. L. Williams, testified that there was upon that occasion no talk of the property then conveyed, and now in controversy, belonging to any one except W. L. Williams, and that Williams said to him that he was giving to Mr. Taylor, as a part consideration for the land, an interest in a saw mill property that he owned.    The evidence being closed, the court rendered judgment in favor of the plaintiff, defendant in error here, and ordered that the injunction be made perpetual. A motion for a new trial was duly made and overruled.

The plaintiffs in error aver that there is error in the proceedings:    (1), in overruling the demurrer to the evidence of plaintiff; (2), in rendering judgment in favor of the plaintiff below, and that under the law the judgment should have been rendered in favor of the defend-

ants below; (3), in overruling the motion of defendants below for a new trial, and (4), that the facts set forth in the petition filed by the plaintiff below were not sufficient at law to maintain the action.

The Statutes of Oklahoma of 1890 are those which were in force at the time, and which are applicable to the questions arising in this case.

It is provided by ch. 23, § 32, p. 387, of these Statutes, that:

"Every estate in land which shall be granted, conveyed or devised to one, shall be deemed a fee simple estate of inheritance, unless limited by express words."

So far as was known to the plaintiffs in error this was the character of the estate which was granted by Taylor to Williams.

It is provided in ch. 69, art. 6, § 9, p. 785, of the Statutes of 1890, that:

"No implied or resulting trust can prejudice the right of the purchaser or encumbrancer of real property, for value and without notice of the trust."

And it is claimed by the plaintiffs in error that, upon the conveyance of the property to W. L. Williams, in fee simple, the judgment in favor of the plaintiffs in error rendered October 12, 1891, in the district court of Canadian county upon the land so conveyed, became operative, and a binding judgment upon the land, unless it could be successfully contended that the judgment was not an "encumbrance," and that the judgment, if an encumbrance, was not for value as against the person who held the title to the land.

In further support of this contention ch. 70, § 41, p. 851, of the Statutes of Oklahoma of 1890, that:

"All final judgments in the courts of record for the recovery of money or costs shall be a lien upon real

estate   *   *   *   liable to execution in the county where the judgment is rendered   *   *   *   ."

And it is argued that, since an encumbrance is a charge or burden upon property that it is a "lien" upon the property within the meaning of this Statute, and that the judgment of the plaintiffs in error against W. L. Williams being a charge or burden, is a lien upon the real estate in question, and the conclusion is therefore sought, that at the time of the record of the deed of the property in controversy to W. L. Williams, the judgment of plaintiffs in error was an "encumbrance for value," and constituted such an encumbrance upon the real estate thereby conveyed that no implied or resulting trust, or trust by operation of law, could intervene to the prejudice of the rights of the judgment creditor and encumbrancer.

We cannot conclude upon a closer observation of the Statute and upon a careful examination of the cases passed upon by the supreme court of various states, that such is the true meaning of the Statute. The plaintiffs in error are in no sense, purchasers of the real estate in question by reason of the pretended lien upon the title thereof. It is true that the judgment in question is, in fact, an encumbrance, and that it is an encumbrance for value. The fact of the rendition of the judgment carries with it the conclusion that it was rendered for value. But we do not understand this to be the meaning of the Statute. We understand the encumbrance of real property for value referred to in the Statute, to be an encumbrance obtaining and subsisting upon real property by reason of some advantage derived to the property itself, and that the encumbrance subsisted, and was a lien upon the particular property in question by reason of some ad-

vantage growing out of the encumbrance with direct reference to the real property in question.

The question is not without difficulty, but the encumbrance in this case was one which subsisted in favor of the plaintiffs in error and against W. L. Williams prior to the purchase of the land for the defendant in error and to the taking thereof in the name of W. L. Williams. The consideration upon which it was founded existed prior to the purchase of the land, and had no reference whatever thereto. The consideration of the judgment here sought to be enforced as an encumbrance as meant in the Statute had reference to other transactions antecedent to and independent of this purchase. On the other hand, it stands as an undisputed fact in the case that the consideration for the purchase of the property proceeded entirely from the defendant in error, and that by reason of this consideration proceeding from the defendant in error, the purchase of the real property in question was made and the title taken in the name of W. L. Williams thereby rendering it apparently subject to judgment against him.

In endeavoring to determine what is equitable in this matter, we think that the consideration from which the judgment was derived and upon which it was founded, having no reference to the purchase of this property, should not be considered of value for the conveyance of the property itself by the defendant in error.

The view here held is further corroborated and supported by the provisions of the Statutes of 1890, §78, ch. 70, of the Code of Civil Procedure, p. 871, which provides that:

" Real estate other than the homestead, shall be liable to all judgments and attachments, and to be sold upon

execution against the debtor owning the same and for whose use the same is holden."

The plain meaning of the Statute here is, that real estate other than the homestead shall be liable to all judgments and to be sold under execution against the debtor no matter whether he takes the property in his own name or whether the property be taken in the name of another in trust for him, the actual owner.

This statute must be considered in connection with ch. 69, art. 6, § 9, of the Statutes of 1890, and the construction which we derive from their consideration is, that real property is liable only to all judgments and attachments against the actual owner unless the title to the property should, in fact, be taken in the name of another than the actual owner, should be sold under execution and an innocent purchaser for value and without notice of the trust, or unless the trustee should encumber such real property by mortgage or judgment for value advanced upon the security of such encumbrance. (*Holden v. Garrett*, 23 Kan. 99; *Withnell v. Courtland Wagon Co.*, 25 Fed. Rep. 372; *Wells v. Benton*, [Ind.], 8 N. E. Rep. 444; *Heibard v. Wines*, [Ind.], 4 N. E. Rep. 457; *Atkinson v. Hancock*, [Ia.], 35 N. W. Rep. 701; *Mansfield v. Gregory*, [Neb.], 9 N. W. Rep. 87; *Franklin v. Colley*. 10 Kan. 199; *Fink v. Umschied*, 40 Kan. 271.)

The judgment of the court below will be affirmed.

Burford, J., who presided in the court below, not sitting; all the other Justices concurring.