## F. P. SAWYER v. ALBERT H. BRYSON, *et al.*

1. TERMS OF COURT; *Adjourn Terms.* An adjourned term is not a distinct, independent term, but a continuance, a prolongation of one already begun.

2. CONTINUANCE *of Action.* A continuance to the next term passes the case till the next regular term.

3. PRACTICE; *Trial at Wrong Term.* A trial at an adjourned term of a case which has been continued by consent to the next term is irregular, and a judgment rendered therein will be reversed on error.

### *Error from Labette District Court.*

THE only questions decided here are questions of practice. The opinion contains a full statement of the proceedings. Defendants in error, as plaintiffs, had judgment at an adjourned session of the November Term 1871, and *Sawyer,* defendant, brings the case here on error.

*McComas & McKeighan,* for plaintiff in error, contended that the continuance of the cause, Nov. 15th, "until the next term," was a continuation to the regular term appointed by statute to be held next after said November Term, and cited 6 Wheaton, 106; 7 Kas., 380; 8 Kas., 351.

*Ayres & Fox,* for defendants in error:

1. The trial of the cause was at the "next term" of the court within the words of the order of continuance. Extraordinary terms of the court may be appointed by special call, or by adjournment. The difference in proceeding to create the two is arbitrary, and a mere question of form of notice. In either case there is a special term, or adjourned term.

2. But at most the trial at the adjourn-term was an *irregularity* merely, and the fault, in the subsequent proceedings is, as to the time of taking them, not in the substance of the proceedings themselves, one of irregularity. And an irregularity was always a ground for motion only, and not of error, until such motion had first been made and denied. 2 Til. & S. Prac., 1027; 22 N. Y., 425; 18 Wend., 319.

3. Error does not lie where the party may properly be relieved on motion. 9 Wend., 125; Graham's Prac., 932. The plaintiff in error was bound first to bring the question before the court below. The cause was duly called upon its order on the docket. The docket is made up by the clerk, and if he improperly place the action on it it was his mistake and the remedy is in the district court under § 568 of the code, subdiv. 3. The remedy is by motion in the district court; and error does not lie unless the question has been presented and acted upon by the court below. Code, § 563; 1 Kas., 221; 2 Kas., 167.

The opinion of the court was delivered by

BREWER, J.: Defendants in error brought suit in the district court of Labette county to recover for personal injuries. Some question was raised as to the regularity of the service of the summons, and a motion made to set it aside. Pending this motion, and on November 15th 1871, the third day of the November Term, by consent leave was given to plead, and the case continued to the next term. This was entered upon the journal. The answer was filed on the 23d of November 1871. On the 25th of November the court adjourned the term to December 26th, and ordered a new docket to be made up and a new pannel of jurors drawn for such adjournment term. On the 29th of December the case was called and disposed of. The journal reads:

[TITLE:] "And the said cause being duly called upon its order on the docket, on motion of Ayres & Fox, attorneys for plaintiffs, a jury was duly called and sworn, and having heard the allegations of the parties, and the proofs adduced by the plaintiffs, the defendant not appearing," etc.

A verdict was returned and judgment entered for $9,657.50. Of this judgment thus entered plaintiff in error complains, and brings the record here for review. That the continuance carried the case over to the next regular term,

1. Terms of court. Adjourn terms. which was in March 1872, seems under the decisions of this court to admit of no doubt. An adjourned term

is in no proper sense an independent distinct term, but merely a prolongation, a continuance of that already begun. *The State v. Montgomery,* 8 Kas., 351; *Mechanics' Bank v. Withers,* 6 Wheaton, 106. It would seem to follow from this that the judgment was improperly rendered, and that the plaintiff in error should be relieved from it. It may be remarked in passing that no question is raised as to the power of a court,

2. Continuances.

after a cause has once been continued, to set aside the continuance and proceed to trial and judgment at the same time. Nothing of the kind was done. Both counsel and court proceeded upon the assumption that the adjourned term was the term to which the cause had been continued. It is contended very strenuously by counsel for defendants in error that though the judgment may have been improperly rendered, yet, that this was simply an irregularity which must be corrected by motion in the district court. That it could have been thus corrected is plain. Civil code, § 568, clause 3. That a question of this kind should be first presented to that court, in order to give it an opportunity of

3. Practice. Trial at wrong term. Remedy.

correcting its mistakes, mistakes constantly liable to occur in the hurry of business, seems reasonable. There is great wisdom, as we think, in a provision of the Iowa statutes, Revision of 1860, § 3645, which reads that "a judgment or order shall not be reversed for an error which can be corrected on motion in the inferior court until such motion has been made there and overruled." *Pigman v. Denney,* 12 Iowa, 396. But we have no such statute, and of course cannot legislate one into being. The question before us is not, which is the better practice, but has the plaintiff in error a right to pursue this. It is a question of law, and not one of propriety. Where a judgment appears upon the face of a record to have been erroneously entered, the party aggrieved can bring the record directly here and have it reviewed. *Lender v. Caldwell,* 4 Kas., 339; *Dutton v. Hobson,* 7 Kas., 196. The only limitation placed in the statute is in § 563 of the code: "A mistake, neglect, or omission of the clerk shall not be a ground of error, until the

14—10 KAS.

same has been presented and acted upon in the court in which the mistake, neglect, or omission occurred." But in this case the error is not chargeable to the clerk. The defendants in error knew that the case had been continued. Yet it was upon their motion that a jury was impanneled and sworn, and the trial had. True, they supposed the case was for hearing at such adjourned term, but the error was theirs, and the clerk is in nowise responsible for it. It was not for him to decide the effect of the continuance. He prepared a docket in obedience to the order of the court, leaving it properly to the court to determine as to each particular case whether it were triable or not. See as sustaining these views, *Innerarity v. Fowler*, 2 Ala., 150; *Mattingly v. Bosley*, 2 Metc. (Ky.,) 443; *Culver v. Felt*, 4 Robertson, 681. The judgment of the district court will be reversed and the case remanded for a new trial.

All the Justices concurring.