## W. J. P. KINGSLEY v. E. A. BAGBY.

### No. 30.

1. TERMS OF COURT—*Adjourned Term.* Our statutes classify the terms of the district court into regular terms and special terms. An adjourned term is not an original term. There must be either a regular or a special term in session, and the business of that term delayed, postponed or put off until some more convenient time. This more convenient time would be an adjourned term, and a continuation of the regular or special term.

2. JUDGMENT LIEN—*Attaches When—Priority over Mortgage.* The regular January, 1888, term of the Finney county district court began on January 3, 1888, and on February 18 adjourned until March 6, and remained in session until March 28, 1888. *Held,* That a judgment rendered on said 28th day of March, 1888, would be a lien upon the real estate of the debtor from and after said January 3, 1888, and prior to the lien of a mortgage executed February 22, 1888, although during the time of said adjournment, to wit, from February 18 to March 6, said district court was legally in session in another county in said district.

3. ———— *Stay of Execution—Lien Preserved.* When an appeal or proceedings in error have been filed in an appellate court, seeking to reverse a judgment, and the bond for a stay of execution provided for in paragraphs 4652, 4654 and 4655 has been filed, the judgment creditor does not forfeit his lien by failure to take out and levy an execution until one year after the finding of the reviewing court.

MEMORANDUM.—Error from Finney district court; A. J. ABBOTT, judge. Action in foreclosure by W. J. P. Kingsley against John A. Stevens, E. A. Bagby, and others. Judgment for the defendant E. A. Bagby, awarding him first lien. The plaintiff brings the case to this court. Affirmed. The opinion was filed October 1, 1895.

The statement of the case, as made by DENNISON, J., is as follows:

W. J. P. KINGSLEY was the owner of a mortgage executed February 22, 1888, by John A. Stevens and wife, upon certain real estate in Finney county, Kansas. E. A. Bagby obtained a judgment in the district court of Finney county, Kansas, against John A. Stevens *et al.* on March 28, 1888. Said Stevens was the owner of said real estate in fee simple on each of the dates above mentioned. The regular January term of the district court of Finney county convened January 3, 1888, and on February 18, 1888, adjourned to March 6, 1888, and continued in said adjourned session until said 28th day of March, 1888. An appeal was taken from said judgment, and a stay bond, provided for in the first subdivision of paragraph 4652 of the General Statutes of 1889, was given, which remained in force until July 9, 1891, at which time the judgment was affirmed. On April 23, 1890, Kingsley filed his petition in foreclosure against Stevens and others, among whom was the said E. A. Bagby, who was not personally served with summons, but was served by publication, and judgment was rendered by default on May 28, 1891. Bagby afterward, by stipulation with Kingsley, had the judgment as to him set aside, vacated, and reopened. Pleadings were filed

and a trial had upon the question of priority of liens, and judgment was rendered in favor of Bagby on August 6, 1891. Kingsley brings the case here for review.

*Milton Brown*, for plaintiff in error.

*H. F. Mason*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : In determining the priority of liens in this case, two questions are raised : First, was the lien of Bagby's judgment prior to the lien of Kingsley's mortgage? Second, if so, did Bagby lose his priority by failing to issue and levy an execution within one year from the rendition of his judgment? We must answer the first question in the affirmative, and the second in the negative.

"Judgments of courts of record of this state . . . shall be liens on the real estate of the debtor within the county in which the judgment is rendered from the first day of the term at which the judgment is rendered. . . ." (Gen. Stat. 1889, ¶ 4515.)

Our statutes clearly classify terms of the district court into regular terms and special terms. The regular term is one which is held at the time fixed by statute, and a special term is one which is called by the judge according to paragraph 2086 of the General Statutes of 1889. Said paragraph 2086 also empowers the judges of the several district courts to hold such adjourned terms as they may deem necessary. An adjourned term is not an original term ; the definition of the word "adjourned" precludes it. There must be either a regular or a special term in session, and the business of that term delayed, postponed, or put off until some more convenient time. This more

convenient time would be an adjourned term, and a continuation of the regular or special term.

"An adjourned term is but a continuation — a part of the regular term.   Giving the district court power to hold an adjourned term gives it power, not to adjourn from day to day, but to adjourn over a length of time over intervening obstacles to the holding of court.   It seems to contemplate just such an exigency as the present, where the business in one county is incomplete, and yet the day fixed for the commencement of the term in another has arrived.   The time of such adjournment is not restricted, unless it is deemed to be by the commencement of the succeeding regular term in that county." (*The State v. Montgomery*, 8 Kan. 351.)   See, also, *Sawyer v. Bryson*, 10 Kan. 199; and *In re Millington*, 24 id. 224.

We therefore hold that on March 28, 1888, the regular January, 1888, term of the district court in and for Finney county, Kansas, was in session, and a judgment rendered on that day would be a lien upon the real estate of the judgment debtor from and after January 3, 1888, and prior to the lien of the mortgage executed February 22, 1888.

Did Bagby lose his priority of lien by failing to have an execution issued and levied within one year from the rendition of his judgment ?

"No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of one year next after its rendition, shall operate as a lien on the estate of any debtor, to the prejudice of any other judgment creditor.   .   .   .   Nothing in this section contained shall be construed to defeat the lien of any judgment creditor who shall fail to take out execution and cause a levy to be made, as herein provided, when such failure shall be occasioned by appeal, proceedings in error, injunction, or by vacancy in the office of sheriff or coroner, or the disability of

such officer, until one year after such disability shall be removed." (Gen. Stat. 1889, ¶ 4566.)

In this case the stay bond as provided for in paragraphs 4652 and 4655 was given. The question raised in this case seems never to have been decided by our supreme court. The plaintiff in error contends that, because Bagby did not give the bond provided for in paragraph 4656, and was not refused leave by the court to enforce his judgment, his lien is subordinate to that of Kingsley. Defendant in error contends that he is not required to issue execution even if no stay bond has been filed; and, even if this proposition is not correct, that the lien of Kingsley would not take precedence, because he was not a judgment creditor. As to the first proposition of the defendant in error, it is not necessary, in deciding this case, to consider it, because in this case the bond for a stay of execution was filed. Upon the second proposition, the facts do not bear out the contention. Kingsley became a judgment creditor of Stevens in May, 1891. When an appeal or proceedings in error have been filed in the appellate court seeking to reverse a judgment, and the bond for a stay of execution provided for in paragraphs 4652, 4654 and 4655 has been filed, the judgment creditor does not forfeit his lien by failure to take out and levy an execution until one year after the finding of the reviewing court. To hold otherwise would be manifestly unjust to the judgment creditor as well as to the judgment debtor. The judgment debtor has given a bond to stay execution. He does this because he does not want his property sold at a forced (and probably a sacrifice) sale, when by no possibility can he recover more than the money it sold for and the interest thereon from the time of sale. The judgment creditor probably considers his claim

safe after the bond is filed.   He does not want unnecessarily to oppress the debtor, neither does he care to go to the expense and trouble of selling the property until he is sure his judgment will be affirmed.

Paragraph 4656, however, provides that the judgment creditor may, by giving a bond and obtaining leave of the court, proceed to enforce his judgment. This leaves it to the sound discretion of the court, and it would undoubtedly require a showing that injustice would be done the judgment creditor before the court would permit the execution to issue.  It is absurd to suppose that the legislature would permit a judgment debtor to give a bond to procure a stay of execution upon a judgment and then compel the judgment creditor to give a counter-bond and enforce his judgment or lose his lien.

The judgment of the district court will be affirmed.

All the Judges concurring.