(78 N. W. Rep. 80.)

---

STATE *ex. rel.* AUGUSTUS BAKER *vs.* N. F. BOUCHER.

Opinion filed April 13, 1899.

**Statutes Construed—Constitution.**

Section 118 of the state constitution, and sections 411, 442, 5176, and 7755 of the Revised Codes, construed.

**Special Terms of District Court.**

*Held,* that the District Courts of this state are authorized, under the constitution and laws of the state, to call special terms of the District Court, and to require the attendance of jurors at such terms, as at other terms.

**Criminal Cases May Be Tried at Special Term.**

*Held,* further, that at such special or additional terms of court the District Court may lawfully try issues of fact in criminal actions.

**" Regular Term "—Construction.**

> The words "at a regular term of the court," contained in section 7755, Rev. Codes, construed to mean a term at which jurors are regularly drawn and summoned, whether such terms are regular or special, with respect to the manner of calling the same.

Application of Augustus Baker for a writ of habeas corpus. Denied.

*Hildreth & Ingwaldson,* for petitioner.

*Morrill & Engrud,* for the State.

WALLIN, J.   The petitioner, while incarcerated in the state's prison at Bismarck, appplied to this Court for the writ of habeas corpus, and the same was issued and made returnable before this Court at a term held at Fargo on March 28, 1899.   Petitioner claims that his said imprisonment is unlawful.   The facts upon which this claim is made are set forth in the petition, and the same are wholly uncontroverted.   It appears that an information was filed in the District Court for the County of Cass, at the Novermber, 1897, term of that court, charging petitioner with the crime of rape.   After a plea of not guilty the case was continued, and was not tried at said term, nor at the succeeding February term.   A trial was' had, however, before said court, in the month of March, 1898, at which petitioner was found guilty by a jury, and subsequently sentenced by the Court to a term of imprisonment in the state's prison, which term has not yet expired.   The trial of petitioner was not had at any term of court fixed or prescribed by legislative enactment, but was had at a term of court called by special order of the District Court, which order was as follows:   "Fargo, North Dakota, February 14, 1898.   A special term of the District Court of Cass county, North Dakota, is hereby called and ordered to begin on the 1st day of March, 1898, at the Court House in the City of Fargo, North Dakota. in due compliance with law.   The same to be a jury term, and will be held for the trial of all actions, civil and criminal, of which said court has jurisdiction."   Counsel for petitioner has not questioned the authority of the District Courts of this state to convene terms of court in addition to those expressly named by the statute; nor is the regularity of the call convening the term in question in any wise challenged.   On the contrary, the sole contention of counsel is that the District Courts of this state are without authority to try an issue·of fact in a criminal case at such called or special terms, or at any term other than at the regular terms expressly named in the statute.   It is not contended that any irregularities of procedure occurred at the trial which resulted in defendant's conviction; nor is ˆit claimed that the defendant interposed any objection at any time at or before his said trial to being tried at said term of court.   As we have said, his sole contention is that the District Court was and is without authority to try an issue of fact in a criminal action at any called term of the District Court.   We shall

pass over the point, made by the state's attorney, to the effect that, at most, the point suggested by petitioner is a mere irregularity occurring at the trial, and therefore it cannot be reviewed by this proceeding. Without specifically passing upon this question, we shall assume, for the purposes of this case, that the objection is one which goes to the jurisdiction of the District Court to try the petitioner at the term when it assumed to do so, and that the question is now properly before this Court for decision.

We notice, first, that it is elementary that at the common law courts of record were authorized to call terms of court for the trial of causes, and their right to do so in this state is expressly preserved by section 118 of the state Constitution, which is as follows: "Until the legislative assembly shall provide by law for fixing the terms of courts, the judges of the Supreme and District Courts shall fix the terms thereof." Since the adoption of the Constitution the legislative assembly has proceeded to divide the state into judicial districts, and has established terms of court therein in the several counties, and fixed the times and places of holding such terms. See Pol. Code, Art. 6; Rev. Codes, § 402. But in so doing, the legislature has not attempted to limit the primary and constitutional authority of these courts to call other or special terms of court, but, on the contrary, express provision has been made for doing so. The lawmaker has declared as follows: "Nothing contained in Article 6 shall be construed to restrict the power of the court or any judge to call and convene other terms of court in any of said counties, and require the attendance of jurors at the same in the manner provided by law." Rev. Codes, § 411. This section clearly recognized the authority of District Courts in this state to convene terms of court in addition to terms expressly named and provided for by Article 6, supra, and such terms have been and are of very frequent occurrence. The statute expressly authorizes the court to require the attendance of jurors at such terms, in manner and form as is done at regular terms of court, and not otherwise. Under these provisions of law we regard it as being entirely clear that the District Court, when convened at such called terms, and equipped with a jury regularly drawn and summoned pursuant to law, is possessed of every power which it can lawfully exercise at any term of court.

This view, as has been seen, is not questioned by counsel as a general proposition; but counsel insist that section 7755, Rev. Codes, embraces an express inhibition against the trial of issues of fact in criminal cases at a called term of the District Court. Counsel especially emphasizes the following language, contained in said section: "But issues of fact in all criminal actions and proceedings must be tried at a regular term of the court." Counsel further cites, as supporting his contention, section 5176, Rev. Codes, which in effect provides that issues of fact in both civil and criminal actions "must be tried in term time." The provisions of the last section do not, in our opinion, strengthen the petitioner's contention, in

view of the fact that the petitioner was tried in "term time" as a matter of fact, and at a term of court at which a jury was regularly called and in attendance. Hence, petitioner was tried and convicted in strict accordance with the provisions of section 5176, *i. e.* in term time. It must be confessed, however, that the language of section 7755 presents a much more serious question. The requirement that issues of fact in criminal actions "must be tried at a regular term of the court" is one introduced by the code commissioners, and is not found in any previous statute of the state, nor of the late Territory of Dakota. This language, when considered by itself, and given a literal construction, is not of doubtful import. We think that it is safe to say that the profession understand what is usually meant by a regular term of the District Court. But, in our judgment, it becomes necessary, in arriving at the legislative purpose, to construe the words we have quoted in connection with other language in the statutes which governs the procedure of the District Courts of the state, and particularly in connection with the language of the entire section from which the words are quoted. When so interpreted, we are inclined to hold that the particular language under consideration should not be given a narrow or technical meaning. In using these words, we think the legislature meant only to mark an exception or contrast to the other provisions of the section, whereby it is declared, in effect, that the District Courts of this state were no longer to be hampered by the common-law restriction, which required them to transact their business in term time, but, on the contrary, that such courts thereafter were to be "always open" for the exercise of their functions. But to this radical innovation there was to be one exception. The District Court was not to be thrown open at all times for trials of issues of fact in criminal cases. Such issues could not, after this enactment took effect, be tried at all times, but must be tried at regular terms; and by this we think the legislature only intended to say that such issues must be tried at terms of court at which jurors have been regularly drawn and summoned, with all the safeguards which the law has thrown around the calling of jurors to try issues of fact in the District Courts. Such safeguards are the same, whether jurors are drawn for a general or special term. Rev. Codes, §§ 411, 442. As we construe the language, it means simply that issues of fact in criminal cases can be tried at a term of court at which jurors are duly assembled, and that the words "regular term," as here employed, were not intended to discriminate between a regular term and a special or called term of court at which a jury is convened. This view of the statute harmonizes the provisions of section 7755 with those of section 5176. In the latter the legislature was dealing with issues of fact in both civil and criminal actions, and there saw fit to say only that such issues should be tried in "term time," without restricting the trials to what are in strictness known as "regular terms" of court. This provision would seem to be a wise one, inasmuch as jury terms, whether regular or special, are

essentially the same, and in fact identical in their equipment and in all their practical aspects and modes of procedure.

We think the construction which we have given to these statutory provisions will give effect to the legislative purpose, and at the same time promote the prompt and economical administration of the law, by securing a speedy trial of persons accused of public offenses. Our conclusion is that the petitioner is not unlawfully restrained of his liberty by reason of being tried at a special term of the District Court. The writ is therefore discharged, and the petitioner is remanded to the custody of the warden of the state's prison.

YOUNG, J., concurs.

BARTHOLOMEW, C. J. (concurring specially). I reach the same conclusion that is announced in the opinion prepared by Justice Wallin, but I prefer to base my judgment upon the point upon which that opinion declines to rule. I regard the trial of the petitioner at a called term as an irregularity only, and a matter that does not reach the question of jurisdiction, and hence not available to the petitioner upon habeas corpus. The District Courts of this state are courts of general jurisdiction. They are clothed with full power to hear and determine all trails for felonies committed within their respective districts. I do not regard section 7755, quoted in the opinion of the majority, as effectual to destroy that jurisdiction. Rather, it created conditions the existence of which are essential to the exercise of that jurisdiction. But it has been often decided, and I regard it as a sound principle of law, that, where the existence of certain conditions are essential to the exercise of jurisdiction, the existence of such conditions may be waived, and will be regarded as waived unless insisted upon, in all cases where the general jurisdiction over the subject-matter is unquestioned. See 12 Am. & Eng. Enc. Law, 300, and cases cited in note 5. The most that can be said in the case at bar is that the condition prescribed by statute authorizing the exercise of jurisdiction—to-wit, the existence of a regular term—was not present when the petitioner was placed upon trial. But he went to trial without objection, nor was the point at any time presented to the trial court. Clearly, he waived the absence of the only condition that was lacking to enable the court to proceed with his trial at that time. He cannot raise the point by habeas corpus, and he is properly remanded.

(78 N. W. Rep. 988.)

Note.—In entitling the papers in habeas corpus proceedings, the state should be named as a party. Carruth v. Taylor, 8 N. D. 166, 77 N. W. Rep. 617.