JOSEPH H. PEEPLES, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A special or extra term provided by law for the circuit courts in this State is a term other than and separate and distinct from the regular spring and fall terms of these courts. The order of a circuit judge calling such a term, but designating it as an adjourned term, is not vitiated by the misnomer, nor is the term of court held in pursuance of the order thereby rendered illegal and without authority of law.

2. The statutory provisions for procuring jurors in advance of a term of the circuit court, compliance with which requires action by the court officials at least fifteen days in advance of the term, do not by implication forbid the calling of a special term of such court within less than fifteen days from the date of the order. If circumstances demand that a term be held at an earlier date, jurors therefor may be procured as in other cases where none have been previously drawn or summoned.

3. An order made at a regular term of the circuit court that a special term of the court in that county be held in the week following that fixed for the convening of the court in the next county is not illegal as ordering a term to be held in one county at a time fixed by law for holding court in another.

4. An indictment endorsed "A true bill, Robert C. Hendry, Foreman," and "Filed March 25th, 1903, H. E. Carlton, Clk., by J. J. Granger, D. C.," and as to which the minutes recite that "The grand jury came into open court and presented the following indictment, to-wit: *State of Florida vs. Joseph H. Peeples,* larceny of a domestic animal. A true bill," is sufficiently shown by the record to have been found or returned by the grand jury.

5. In an indictment for larceny the description of the property charged to have been stolen as "one bull, and of the goods and chattels and property of one Hooker Parker," is not so vague and indefinite as to require a quashal of the indictment.

6. Section 2803 of the Revised Statutes which provides that all the provisions of law covering the qualifications, disqualifications, exemptions, drawing, etc., of petit jurors shall apply to grand jurors, is not to be construed as making all grounds of challenge to the favor applicable to a petit juror, grounds of disqualifications of a grand juror.

7. The only grounds of challenge to the favor applicable to grand jurors in this State are those provided for by section 2810, Revised Statutes.

This case was decided by Division B.

Writ of error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter* and *John H. Treadwell* for plaintiff
in error.

*J. B. Whitfield,* Attorney-General, for the State.

Maxwell, J.—The plaintiff in error was indicted,
tried and convicted at a so-called "adjourned term" of the
Circuit Court in and for DeSoto county of the crime of cat-
tle stealing. The first question presented by the record for
our consideration is that of the authority to hold the term
of court at which the conviction was had.

At the regular spring term of the court on March 12th,
A. D. 1903, the judge made the following order: "It being
made to appear to the judge of this court that it is expedient
to hold an adjourned term of said court, it is, therefore,
ordered that an adjourned term of said court is hereby called
to be held in and for said county of DeSoto, beginning on
the 23rd day of March, A. D. 1903, at 10 o'clock A. M."
On the 17th day of March the regular spring term of court
was held in Polk county in the same circuit, and on the 23rd
day of March the court convened again in DeSoto county in
pursuance of its previous order, and the case of the plaintiff
in error was disposed of as above stated.

The only terms of the circuit court provided for by
statute are the regular spring and fall terms, and such
extra or special terms as may be called under section 1373
of the Revised Statutes. The contention of the plaintiff
in error is that this so-called adjourned term was none of
these, and that the court was consequently without authority
to act, and its judgments illegal and void.

It is an open question whether as a continuation of the
same term in any county a court may adjourn to a day
subsequent to the convening of the same court in another
county. It has been held by several courts that a term in
one county terminates upon the arrival of the date fixed by
law for the convening of the same court elsewhere, but there

is nothing in the statutes of this State limiting a term to a continuous sitting not interrupted by the holding of a term in another county, and by several courts it has been held that by special order a term may be adjourned over until after the sitting of the court in another place. *State v. Van Auken*, 98 Iowa 674, 68 N. W. Rep. 454; *State of Florida v. Charlotte Harbor Phosphate Co.*, 70 Fed. Rep. 883; *State v. Rogers*, 56 Kan. 362, 43 Pac. Rep. 256; *Kingsley v. Bagby*, 2 Kan. App. 23, 41 Pac. Rep. 991.

We need not determine, however, the right of the court to adjourn its regular spring term to a day subsequent to a term to be held in the next county, for it is evident that the court below attempted nothing of that kind. Its order did not purport to adjourn the then pending term to March 23rd, but ordered that an adjourned term be called for that day. The minutes of the court for that day do not purport to be a record of the spring term, nor of an adjourned session of that term, but are headed "Adjourned term March 23rd, 1903," and recite that court had convened "pursuant to an order calling said adjourned term." The court then ordered a venire for both grand and petit jurors as is usual at the beginning of a term, and the minutes recite that the petit jurors were "selected to serve as petit jurors for the first week of the present term." Plainly, then, the so-called adjourned term was a separate and distinct term of the court, and not a continuation of the spring term. *Harris v. Gest.* 4 Ohio St. 470. It was in fact an extra or special term as provided for in section 1373, Revised Statutes. An "extra or special term" is merely a term other than the regular spring or fall term, and such term does not lose its character as such merely because the order calling it designates it an adjourned term if it appears that it is a term distinct from the regular terms of the court. As was said in *Mattingly v. Darwin*, 23 Ill. 618, "The statute requires no set form of words to be used by the circuit judge to make a valid appointment of a special term. Any form

clearly indicating the purpose of the circuit judge to appoint a special term and using words adequate to convey such idea clearly is sufficient to make the appointment a valid one. * · * * It is true he does not call it a special term of the court, nor was it necessary that he should so designate it. The law fixed its character as a special term, no matter what it might be called by the circuit judge. A misnomer by him could not vitiate the appointment. By calling it an adjourned or postponed or regular term would not make it so. He might call it either, or by any other name, or not give it any designation, and it would still be a special term and nothing else."

It is urged, however, that this can not be held a valid special term of the court because but eleven days intervened between the order that it be held and the date of its commencement, while the statutes providing for the drawing and summoning of jurors in advance of a term of court to serve thereat require action by the officers of the court at least fifteen days before the beginning of the term; that the provision for calling special terms of the court is to be construed in connection with this statute, which by implication forbids the calling of a special term within less than fifteen days from the date of the order that it be held. If there were in the statutes no other provision for the procurement of jurors than that above mentioned, this argument would have great weight, but such is not the case. Section 1157 of the Revised Statutes provides for the summoning of jurors where none have been procured under the provisions first mentioned, and this section is to be considered with the others in construing the section in reference to the ordering of special terms. The law undoubtedly contemplates the drawing and summoning of jurors in advance of the term at which they are to serve, and it is well when practicable that the officers of the court should observe this practice; but it also recognizes the fact that juries may have to be procured by the other method. The time at which a

special term should be held is determined by the exigencies demanding a speedy disposition of causes and by the claims of other counties upon the time of the court, and when these require that a term be held at a certain time, it should not be denied because the adoption of that date will necessitate the procuring of a jury by one statutory method rather than another.

Nor was this the holding of a special term in DeSoto county at a time fixed by law for holding court in Polk county. The statute provided that the regular spring term for Polk county should be held in the week preceding this special term, but after the adjournment of that term, and before the convening of the regular term in some other county the court was in vacation and the judge could order for this period such special terms as occasion demanded.

The objection that it does not appear that the persons serving as grand jurors were those returned by the sheriff, we do not find supported by the record, which recites that the venire was by the sheriff served and returned into open court, and that the following persons, naming those afterwards chosen as grand jurors, with others, summoned under and by virtue of the venire, answered to their names, that the names of those so answering were placed in a box by the judge in open court, and eighteen jurors named were drawn to serve as grand jurors, and that the following named persons, naming the same eighteen, were selected and duly empanelled and sworn to serve as grand jurors.

A further ground urged for quashing the indictment against the plaintiff in error is that it does not appear by the minutes of the court that it was found or returned by the grand jury. The minutes for March 25th recite that "the grand jury came into open court and presented the following indictments, to-wit: *State of Florida v. Joseph H. Peeples,* larceny of a domestic animal. A true bill." This would seem to meet the ground as stated in the motion to quash, but under it the plaintiff in error contends that it

does not appear that section 2591 of the Revised Statutes, requiring indictments to be endorsed by the foreman of the grand jury, was complied with. The entry in the minutes above quoted does not show the endorsement "a true bill" to have been signed by the foreman. The record shows, however, that the next day the indictment was read to the defendant, setting it out at length and reciting that it was endorsed "a true bill, Robert C. Hendry, foreman," and "Filed March 25th, 1903, H. E. Carlton, Clerk, by J. J. Granger, D. C." This, we think, sufficiently shows compliance with the law in this respect. *Collins v. State,* 13 Fla. 651; *Johnson v. State,* 24 Fla. 162, 4 South. Rep. 535. The question whether it sufficiently appears from the record that Hendry was foreman of the grand jury, we do not regard as raised by the motion filed.

The description in the indictment of the property charged to have been stolen was "one bull, and of the goods and chattels and property of one Hooker Parker." The word "and" after "bull" in the indictment is unnecessary and should have been omitted, but its presence does not render the description of property, as contended, so vague and indefinite as to require that the indictment be quashed.

Pleas in abatement of the indictment were filed by the defendant alleging that certain of the grand jurors who returned it were related to the owner of the animal charged to have been stolen, and that others of the grand jurors were members of a large association formed for the prosecution of cattle thieves in DeSoto county, which had been active in pressing such prosecutions, and employing counsel to assist in them, and that the association had particularly been anxious in pressing the prosecution of the defendant. These pleas were held bad upon demurrer. In their support it is contended that by section 2803 of the Revised Statutes, which provides that "all the provisions of law covering the qualifications, disqualifications, exemptions, drawing, summoning, supplying deficiencies in whole or in part, and

compensation and procurement of petit jurors shall apply to said grand jurors," all grounds of challenge to the favor applicable to a petit juror are made ground of disqualification of a grand juror. We do not so interpret this section of the statutes. The qualifications and disqualifications there mentioned are those generally applicable to all jurors, and not such as constitute ground of challenge to the favor in the trial of a particular cause. *United States v. Williams,* 1 Dill. 486. This is made more clear by section 2810 of the Revised Statutes, providing for such challenge of grand jurors, the scope of which is infinitely narrower than that of the similar provisions with respect to petit jurors. It is not contended that the pleas come within this latter section, even if the grounds of challenge there provided are in any case available by plea after indictment, as to which we express no opinion. Whether as to grand jurors any ground of challenge to the favor exist independent of statute, is a question upon which a wide divergence of view is had by the various courts of this country. Many States deny them (*State v. Hamlin,* 47 Conn. 95; *Lascelles v. State,* 90 Ga. 347, 16 S. E. Rep. 945, S. C. 35 Am. St. Rep. 216; *State v. Easter,* 30 Ohio St. 542; *United States v. Williams, supra*), and so eminent a writer as Bishop doubts the expediency of permitting such objections either by challenge or plea in abatement. 1 Bish. New Crim. Law, sec. 881. With us the statute fixes the grounds, and none not statutory are recognized. Thomp. & Mer. on Juries, sec. 519; *Territory v. Hart,* 7 Mont. 42, 14 Pac. Rep. 768. Demurrer to the pleas was properly sustained.

We have examined the evidence in this case with great care, and while we would hesitate before returning a verdict of guilty based upon it, we are not prepared to say it will not sustain the finding of a jury, supported by the action of the trial judge in refusing to disturb the verdict.

The judgment of the lower court is affirmed.

CARTER, P. J. and COCKRELL, J., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.