(113 So. 452)

## MARTIN v. STATE. (4 Div. 142.)

Court of Appeals of Alabama. Oct. 4, 1927.

192

Frank M. De Graffenried, of Seale, for movant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The judgment of affirmance in this case was rendered June 30, 1927, being the last day of the regular term of this court. The clerk of this court failed to issue a certificate as required by section 10323, subds. 9 and 10 of the Code of 1923, as follows:

"(9) The clerk of the Supreme Court or the clerk of the Court of Appeals, as the case, may be, shall, within five days after each opinion is rendered by such court, send free of cost a certified copy thereof to the clerk or register of the court from which the case under consideration was appealed, as well as one copy to an attorney of record for the appellant, and another copy to an attorney of record for the appellee.

"(10) Within five days after the rendition of every such decision, the clerk of the court rendering the same, shall notify by mail the attorneys of record in the cause, of such decision, and no fee shall be charged or collected for the services rendered under this and the preceding subdivision."

Upon discovery of the omission to issue the certificate and notice, supra, the clerk of this court did, on July 15, 1927, issue the notices required. The attorney of record calls the omission to the attention of the court and states in his place as an attorney of this court that he did not know of the decision affirming the case on June 30, 1927, until the receipt by him of the notice issued July 15, 1927, and that he and his client relied on the law requiring notice to be sent and that as a result his client is denied the right to file an application for rehearing within 15 days from the rendition of the judgment, as is provided by Supreme Court rule 38, it being required that such application should be filed within 15 days from the rendition of judgment.

Under the law the right of appellant to file an application for rehearing has passed. The duties placed upon the clerk by section 10323, subds. 9 and 10, supra, are purely ministerial and in no way affect the judgments of this court. The motion now being considered addresses itself purely to the conscience of the court in its desire to see that injustice is not done or injury sustained by an appellant for and on account of an omission of the clerk, which has come to be a part of the practice in this court and to be relied upon by attorneys in the management of their cases.

When we come to that question we are confronted with the universal rule that, after the final adjournment of this court, it ceases to have any power over its records, other than such as is incident to all courts of general jurisdiction, that of correcting clerical errors where the record affects matter upon which to base such correction. After its final adjournment its judgments are absolute and conclusive and the court has no power over them. Van Dyke v. State, 22 Ala. 57; Morrison et al. v. Formby, 191 Ala. 104, 67 So. 668.

In view of the sections of the Code, supra, its judgments could not be enforced until such notices are issued, but those notices are ministerial acts required of the clerk and do not affect the finality or validity of the judgments themselves.

The term of the Court of Appeals is fixed by section 10279 of the Code of 1923, to begin the first Monday in October and end June 30th of each year. The regular term of this court at which the judgment in the case of Martin v. State (4 Div. 142) 113 So. 602,[1] was affirmed ended by operation of law on June 30, 1927. On that date and acting under authority of section 10285, without which the court would have had no power to act, there was entered the following order:

"A special term of the Court of Appeals of Alabama is hereby called for the first Monday in August, 1927, (August 1, 1927), for the determination of certain preferred causes remaining under submission in said court at the expiration of the regular term thereof (June 30, 1927), as required by law."

At the time this order was entered the case of Martin v. State had been disposed of and was not then pending in this court, and the only right Martin had left was, under Supreme Court rule 38, to apply for rehearing within 15 days from the rendition of judg-

[1] Ante, p. 154.

ment. The call for the special term for August 1st was specific and related only to the "determination of certain preferred causes remaining under submission in·said court at the expiration of the regular term thereof (June 30, 1927), as required by law." Whatever other inclination the court might have (and a majority of the court consisting of the writer and Bricken, P. J., would reinstate the cause to the rehearing docket, if the power to do so still remained in the court), we are driven to the conclusion that this court has lost control of this judgment; otherwise every judgment in every case rendered at the October term, 1926–27, of this court, would still be in the breast of the court and subject to change—a condition not to be contemplated. Garlick v. Dunn, 42 Ala. 404; 9 Mitch. Dig. 101, par. 147. Terms of courts are regular, adjourned, and special. In the absence of section 10285, this court would be without authority to call a special term, which it has done in this case, limited to a specific purpose; i. e., for the determination of such causes specified. It is a term separate and distinct from the regular term, which ended by operation·of law June 30th. Ex parte Daly, 66 Fla. 345, 63 So. 834; Kingsley v. Bagby, 2 Kan. App. 23, 41 P. 991; State v. Boucher, 8 N. D. 277, 78 N. W. 988; Peeples v. State, 46 Fla. 101, 35 So. 223, 4 Ann. Cas. 870. Adjourned terms, if called, must be under and by virtue of section 10279, and when so called have the effect of continuing the regular term.

This court is without jurisdiction to further consider the case of Martin v. State, and decline to consider the petition to reinstate the cause to the rehearing docket.

BRICKEN, P. J., dissents.

