217 So.2d 826

**Ex parte Charles W. HOBACK.**

**8 Div. 231.**

Court of Appeals of Alabama.

Jan. 7, 1969.

**614**

Ira DeMent, Montgomery, for petitioner.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

This is an original proceeding filed here November 27, 1968. It is denominated "Petition to Reinstate Appeal."

I.

September 20, 1966, a petty jury in the Circuit Court of Jackson County found Hoback guilty of voluntary manslaughter. For this he was sentenced to ten years in the penitentiary.

September 20, 1966, Hoback gave in the Circuit Court his notice of appeal. No transcript of the record was ever filed here.

On March 7, 1967, said appeal was affirmed without opinion.

Sometime in 1968, Hoback brought a Federal habeas corpus action in the United States District Court for the Middle District of Alabama. This led to an order releasing him on $2,500.00 bond pending prosecution of a coram nobis proceeding in the Jackson Circuit Court.

II.

We are informed in the instant petition that "after an evidentiary hearing Honorable W. J. Haralson, Circuit Judge * * * suggested that the instant petition be filed."

A transcription of the court reporter's notes on this evidentiary hearing has been filed by Hoback with the instant petition.

The matter therein which Hoback complains of is not amenable to coram nobis relief. Coram nobis relates to matters of fact which had they been presented in the original trial would have prevented the judgment of conviction.

All that was complained of (in the circuit court) relates to the failure of an appeal transcript to reach this court. This being post conviction, has nothing to do with the judgment of conviction.

III.

Supreme Court Rule 30 reads as follows:

"On the day of the call of each division set for the hearing of special motions the clerk will report to the court each case on the docket of that division in which the transcript has not been filed. If it appears that the time for filing such transcript, or any extension thereof, has not expired, the case will be continued. If the time for filing such transcript, or any extension thereof, has expired, a judgment of affirmance will be rendered. If supersedeas bond was made in the case, the judgment rendered will include

the penalty provided by statute. Such judgment may be set aside only for good cause shown upon petition, supported by affidavit, filed within fifteen days thereafter. Adversary counsel shall have at least five days' notice before the hearing of such petition. The granting of such petition may be upon such conditions as the court may impose, having due regard to the circumstances."

 This rule is one of pragmatic performance. That is, the record must get here, whether transported by United States Mail, private carrier, toted in a lawyer's brief case or by St. Bernard dog, the means is of indifference. Gullatt v. State, 16 Ala. App. 471, 79 So. 145.

### IV.

June 30, 1967, was the end of our 1966–67 Term. Hence, without there having been a timely petition to set aside the affirmance on certificate as contemplated by Rule 30, supra, this court lost all power over the case midnight June 30, 1967.

We find no power to revive this appeal.

Petition denied.