231 So.2d 922

**Ex parte James R. HAMMONDS.**

**3 Div. 49.**

Court of Criminal Appeals of Alabama.

Feb. 18, 1970.

Travis Mathis, Arkadelphia, Ark., for petitioner.

No appearance for the State.

PER CURIAM.

June 18, 1968, the former Court of Appeals entered an order of final dismissal of Hammonds's appeal. The reasons appear in *Hammonds*, 44 Ala.App. 256, 206 So.2d 924.

I

Now Hammonds's counsel has filed a motion for reinstatement of the appeal in question. Among other things, counsel avers:

"* * * dismissal of appeal without consideration upon its merits cures errors committed by the trial court without any basis in law."

Whatever may be the ultimate subjective absolute truth revealed at the Awful Day of Final Judgment, its certitude alone cannot excuse a delay in a secular court. Even Moses advanced no such argument to justify his judicial backlog.

1. Code 1940, T. 15, § 383 reads:
"A writ of error on any judgment rendered in a criminal case may issue on an order to that effect by any one of the judges of the supreme court or the court of appeals in vacation, or by the supreme court or the court of appeals in term time, addressed to the clerk of the court in which the judgment was rendered; but such writ must only be granted on some error of law apparent on the transcript of the record."

June 30, 1968 marked the end of term for the former Court of Appeals. Thereafter, with nothing pending, all judicial power of the State over the final judgment of the Montgomery Circuit Court terminated. Ex parte Hoback, 44 Ala.App. 613, 217 So.2d 826.

Except for the limited review of a writ of error[1] (or discretionary certiorari), the common law writ of error coram nobis is alone available. Moreover, we express no opinion as to its being open to an escaped convict. So far as we know the Supreme Court of Alabama has never considered this precise question.

The motion for rehearing of the former appeal is

Denied.