255 So.2d 58

Leslie E. WILLIAMS

v.

STATE.

7 Div. 142.

Court of Criminal Appeals of Alabama.

Jan. 11, 1972.

Leslie E. Williams, pro se.

William J. Baxley, Atty. Gen., for the State.

CATES, Judge.

This is a purported appeal from a judgment below which dismissed a "Petition for Supersedeas and Motion to Enter Satisfaction of Judgment."

The aborted proceeding in the Circuit Court was a sequel to Williams v. State, 44 Ala.App. 443, 212 So.2d 687, whereunder the appellant had been sentenced to six years in the penitentiary. When Williams began to obey and endure this sentence, if at all, is not made to appear by his pleading. However, in his motion to dismiss in the Circuit Court, the District Attorney averred that Williams was then "serving time in the Federal Penitentiary [in Atlanta] for another crime which was committed while his appeal was pending * * *."

Appellant claimed below that because his accomplices received lighter sentences than he—although his claimed participation was slighter—he was unduly punished. He argues that the accomplices should be held in *levis culpa* and he only in *levissima culpa*, which latter degree he describes as third degree culpability.

*Culpa,* according to the latter day civilians, notably Hasse, was only divided into. *culpa lata,* gross lack of diligence, and *culpa levis,* want of the greater care found in a good *pater familias* or of the care a man ordinarily gives to his own affairs *in concreto.*

The analogy to Roman Law cannot avail. First, *culpa* is a non Common Law tort term. Second, the accomplices turning State's evidence can be viewed as partial expiation by the sentencing court. Third, our Legislature has expressly abolished the distinction (1) between accessories before the fact and principals and (2) between principals in the first and second degree. Code 1940, T. 14, § 14.

The appellant's argument may be a tribute to the learning available in the carrells of the bibliotheca legis of the Atlanta Penitentiary, nevertheless its purported conclusion is a non sequitur. Merely because his fellow felons had less punishment in nowise authorizes the conclusion that Williams should go scot free.

Aside from all the scholasticism which might call to mind the Subtle Doctor, the fallacy of the appellant's contention lies in the absence of any legal authority for the relief he seeks. After a criminal judgment of conviction is final the only subsequent proceedings are by way of the writs of error, certiorari, or error coram nobis. See Ex parte Hoback, 44 Ala.App. 613, 217 So.2d 826; Ex parte Hammonds, 45 Ala.App. 468, 231 So.2d 922, and Code 1940, T. 13, § 119.

None of these three writs can examine the term of a sentence set within lawful limits. Apparently the appellant does not wish to risk a new trial. His only avenue of relief is to apply to the Pardon and Parole Board. We are not aware of any Federal decisions which

**390**

would compel a state court to follow the proposition advanced here.

Consequently the ruling of the lower court was correct. No appealable question has been reserved for our review. Therefore, the Attorney General's motion is due to be granted so that the appeal of instant concern is hereby

Dismissed.

PRICE, P. J., and ALMON, J., concur.