264 So.2d 218

George Edward HINES

v.

STATE.

1 Div. 154.

Court of Criminal Appeals of Alabama.

June 20, 1972.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

CATES, Judge.

The Attorney General has moved that we grant an "out-of-term [sic 'time'?]" appeal in this cause.

### I

On May 11, 1971 the former appeal was affirmed without opinion. No application for rehearing was filed.

On June 30, 1971 the October 1970–71 term of this Court expired. This Court lost all jurisdiction of the appeal. Ex parte Hoback, 44 Ala.App. 613, 217 So.2d 826.

In Alabama a defendant—who has the over generous span of six months to make up his mind to appeal or not to appeal—gets but one appeal. Here that has been done. On the record filed in this Court there was no constitutional error. No compliance with Acts No. 525 and 526, September 16, 1963 was shown by appellant or his counsel.

Moreover, Hines under Supreme Court Rule 48 could have had a transcript of testimony sent to this Court at any time up to July 28, 1971 (six months from judgment) or the date of decision, May 11, 1971, whichever came first. Griffin v. State, 284 Ala. 125, 222 So.2d 710.

Hence, we decided the appeal on the record proper.

### II

An out-of-time appeal has been suggested by some Federal judges as a means of having State courts keep cases for redecision. However, in the fauna of our jurisprudence "there ain't such an animal." See Ex parte Hammonds, 45 Ala.App. 468, 231 So.2d 922. In the absence of legislation, we see no occasion for artificial insemination to procreate a juridical bastard.

### III

No ground of the Attorney General's motion would serve the office of a writ of error. Code, 1940, T. 15, § 383.

The motion is accordingly due to be and hereby is denied.

Motion denied.

ALMON, TYSON and HARRIS, JJ., concur in result.