286 So.2d 317

**Ex parte John Henry WADE**

**v.**

**STATE.**

**2 Div. 72.**

Court of Criminal Appeals of Alabama.

Oct. 30, 1973.

For Original Opinion See 49 Ala.App. 601, 274 So.2d 626.

ON REHEARING

PER CURIAM.

After deciding a case before the end of our regular term may we thereafter reopen it unless it is on the rehearing docket at the end of term?

On September 21, 1973 this cause was purportedly placed on the rehearing docket ex mero motu.

This practise is restricted as follows:

"A cause may be placed on rehearing, during the term in which decision was rendered, by a justice of the Supreme Court. Alabama Co. v. Brown, 207 Ala. 18, 25, 92 So. 490; Myers v. Moorer, 273 Ala. 18, 134 So.2d 168. It would appear that such justice should be one who was of the majority on original deliverance.

In the absence of statute, it is generally held that the power of an appellate court over its judgments, like that of courts generally, persists to the end of the term at which the judgment is rendered. Chapman v. St. Stephens Episcopal Church, 105 Fla. 683, 138 So. 630, 84 A. L.R. 566. To hold to the contrary would be to declare that the appellate court has power to correct the errors of all other tribunals of the government while faithfully adhering to and perpetuating its own. Chapman, supra.

\*     \*     \*     \*     \*     \*

"With respect to causes within the jurisdiction of the Court of Appeals, that court has the same power to grant rehearings as does the Supreme Court." Brown v. State, 277 Ala. 108, 109, 167 So.2d 291, 292–293.

On March 13, 1973 an opinion issued affirming the judgment of conviction, 49 Ala.App. 601, 274 So.2d 626. No application for rehearing was filed within the time allowed under Supreme Court Rule 34. Had one been filed within the therein specified fifteen days it could have been passed on "at any regular or special term of the court."

The regular 1972–73 term of this court expired June 30, 1973. Code 1940, T. 13, § 20. This latter section also confers authority on the court to "adjourn from time to time." Under Martin v. State, 22 Ala.App. 191, 113 So. 452, an adjournment under this section can have the effect of continuing the regular term.

On June 29, 1973 the Court adopted the following order:

"The Court of Criminal Appeals will; on August 13, 1973, go into *special* session for the purpose of considering and disposing of all matters as the Court may determine; said session to continue until adjourned by the Court." (Italics added).

Special terms of this court are authorized by Code 1940, T. 13, § 26 which reads in pertinent part:

"The court may, whenever it deems proper, order and hold a special term. \* \* \*"

In *Martin*, supra, under circumstances similar to those present here the former Court of Appeals said, among other things:

" \* \* \* Terms of courts are regular, adjourned, and special. In the absence of section 10285 [Code 1940, T. 13, § 26], this court would be without authority to call a special term, which it has done in this case, limited to a specific purpose; i. e., for the determination of such causes specified. It is a term separate and distinct from the regular term, which ended by operation of law June 30th. Ex parte Daly, 66 Fla. 345, 63 So. 834; Kingsley v. Bagby, 2 Kan. App. 23, 41 P. 991; State v. Boucher, 8 N.D. 277, 78 N.W. 988; Peeples v. State, 46 Fla. 101, 35 So. 223, 4 Ann.Cas. 870. Adjourned terms, if called, must be under and by virtue of section 10279 [Code 1940, T. 13, § 20], and when so called have the effect of continuing the regular term.

"This court is without jurisdiction to further consider the case of Martin v. State, and decline to consider the petition to reinstate the cause to the rehearing docket."

On the expiration of the regular term, June 30, 1973, in the absence of an order of adjournment to a certain day, that term by force of law was adjourned sine die. Had the court then adjourned to August 13, 1973 we would have had a continuation of the regular term. 20 Am.Jur.2d, Courts § 47; *Martin*, supra.

Under *Martin*, supra, the special term of August 13, 1973 was a separate and discrete period of time analogous to an extraordinary session of the Legislature.

In Ex parte Hoback, 44 Ala.App. 613, 217 So.2d 826, the former Court of Appeals said in a case affirmed for want of prosecution (Sup.Ct.Rule 30):

"June 30, 1967, was the end of our 1966–67 Term. Hence, without there having been a timely petition to set aside the affirmance * * * this court lost all power over the case midnight June 30, 1967."

Finality of decisions is one desideratum of a stable system of justice.[1] Illustratively, were we to treat our August special term as a continuation of the 1972–73 regular term, cases decided in October, 1972 could have been restored to rehearing as late as September 28, 1973.

Recently there have been other applications for out-of-time appeals presumably to thwart Federal habeas corpus actions. Thus in Hines v. State, 48 Ala.App. 297, 264 So.2d 218, Cates, P. J.[2] wrote:

"An out-of-time appeal has been suggested by some Federal judges as a means of having State courts keep cases for redecision. However, in the fauna of our jurisprudence 'there ain't such an animal.' See Ex parte Hammonds, 45 Ala.App. 468, 231 So.2d 922. In the absence of legislation, we see no occasion for artificial insemination to procreate a juridical bastard."

In 1970, confronted with an application to revive an appeal dismissed because of the appellant's jail break, we wrote in Ex parte Hammonds, 45 Ala.App. 468, 231 So. 2d 922:

"Now Hammonds's counsel has filed a motion for reinstatement of the appeal in question. Among other things, counsel avers:

"'* * * dismissal of appeal without consideration upon its merits

cures errors committed by the trial court without any basis in law.'

"Whatever may be the ultimate subjective absolute truth revealed at the Awful Day of Final Judgment, its certitude alone cannot excuse a delay in a secular court. Even Moses advanced no such argument to justify his judicial backlog.

"June 30, 1968 marked the end of term for the former Court of Appeals. Thereafter, with nothing pending, all judicial power of the State over the final judgment of the Montgomery Circuit Court terminated. Ex parte Hoback, 44 Ala.App. 613, 217 So.2d 826.

"Except for the limited review of a writ of error (or discretionary certiorari), the common law writ of error coram nobis is alone available. * * *" (footnote omitted).

In the case sub judice counsel for Wade have unsuccessfully applied to the Circuit Court for bail pending the putative appeal.

The Circuit Court has denied the request. Bail pending appeal we point out— by way of dictum—can only be given if, at sentencing, the convict gives notice of appeal and asks for suspension of execution of his sentence. Patterson v. State, 43 Ala.App. 190, 185 So.2d 527.

Apparently appellant was formerly enlarged in the Circuit Court on bond, but is now in the custody of the Sheriff of Bibb County. Wade states he was recently released from a Federal penitentiary and was consequently unaware of our affirming judgment. He fails to allege that he kept in touch with his counsel on appeal or that he was at all times prepared to obey the sentence of the law.

On authority of *Martin*, and *Hammonds*, supra, the order placing this cause on rehearing is withdrawn as coram non

---

1. Interest reipublicae ut sit finis litium. See Brown v. Dean [1910] A.C.

2. Almon, Tyson and Harris, JJ., concurring in result.

judice. It follows that the application for rehearing is

Dismissed.

CATES, P. J., and De CARLO, J., concur.

ALMON and TYSON, JJ., concur in the result.

HARRIS, J., dissents.