312 So.2d 639

**John C. WHITE**

v.

**STATE.**

**I Div. 551.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

David L. Barnett, Mobile, for appellant.

No brief for the State.

DeCARLO, Judge.

John C. White was found guilty of robbery by a jury in Mobile County and sentenced to ten years. He filed notice of appeal and being indigent was provided a free transcript and counsel.

The matter is now submitted to this court on the record and a no merit letter of counsel.

Prior to trial, appellant was in federal custody but was returned on request of the District Attorney of Mobile County, and on November 17, 1970, was tried on the following facts.

On November 16, 1968, Jerry Lewis was manager of Delchamp's store in Mobile. After locking the store, he got into his car and started home. Driving on the interstate, he was pulled over at gunpoint by two men in a white 1965 Chevrolet. One of the men got into the rear seat of his car and ordered him to drive back to the store. The man was armed and had his face covered with a stocking. As the manager drove to the store, the white Chevrolet followed. Upon their arrival at the store, the Chevrolet pulled up behind Mr. Lewis' car. The gunman in Lewis' car made him go into the store and open the safe, while the driver of the white Chevrolet remained outside.

During the robbery, Mr. Lewis observed the gunman used a "shiny" revolver and wore gloves with a red lining.

After placing the proceeds of the safe in a #14 grocery bag, the gunman left. Mr. Lewis immediately reported the robbery to the police, along with a description of the white Chevrolet. Subsequently, appellant was stopped after a chase and was observed throwing a glove and a shiny object over a fence. Later a glove with a red lining and a shiny revolver were retrieved, and a woman's stocking was found in the white Chevrolet.

Another officer heard the radio report and proceeded immediately to the store.

Upon arrival he saw a black and white Pontiac stuck in a ditch on the edge of the store parking lot. The key was in the ignition and the motor was warm. An investigation revealed the car was registered to appellant.

About 1:15 A.M., a third officer traveling on a road about two blocks from the store noticed something protruding from a drainage pipe. He stopped and found a black coat rolled up with a grocery bag containing about $1,800.

The appellant presented no evidence in his own behalf nor did he testify, but on completion of the State's case, made the following motions:

" . . . The defendant moves to exclude the evidence and moves for a directed verdict based on the failure of the State to prove a prima-facie case in that the State has failed to Prove Venue . . . ."

The trial court overruled the motions and instructed the jury on the applicable law. There were no exceptions taken, no further charges requested and no Motion for a New Trial.

Our search of the record shows the court was correct in its ruling. Venue was proved in this examination of Detective Eurl Joslin:

"Q. Did you participate in the investigation concerning a reported robbery of the Delchamps Store on Pleasant Valley Road?

"A. Yes, Sir:

"Q. Is that in Mobile, Alabama, sir?

"A. Yes, sir."

Although the facts submitted here were primarily circumstantial, a prima-facie case was presented, requiring adjudication by the jury.

This court is of the opinion that counsel on appeal has made every effort to insure appellant's due process rights.

Based on the foregoing facts and our independent examination, it is our judgment that counsel was justified in his evaluation.

We accord the same treatment to this case as we did in Ellison v. State, Alabama Court of Criminal Appeals Ms., 312 So.2d 632, this day decided.

Affirmed.

TYSON, HARRIS and BOOKOUT, JJ., concur.

CATES, P. J., dissents.

CATES, Presiding Judge (dissenting).

Formerly, on June 29, 1971, in 3 Div. 167, we granted the Attorney General's motion to strike the entire record and dismiss the appeal under Supreme Court Rule 37. No opinion was filed. This procedure follows Relf [v. State], 267 Ala. 3, 99 So. 2d 216.

The record then before this court was certified by the Clerk of the Circuit Court under seal and bears date of May 24, 1971.

According to the later purported appeal, on May 24, 1971, White, for the first time, pleaded poverty and asked the Circuit Court for a free transcript and for a lawyer. This motion reads as follows:

"Motion For Leave to Appeal in Forma Pauperis

"John C. White, defendant herein Pro-Se Petitions the Court for leave to appeal in Forma Pauperis to the Alabama Court of Appeal [sic] from the final judgment entered in this action on the 17th day November, 1970, and attaches hereto his affidavit.

"Defendant request a copy of the transcript, and a copy of the indictment be forward to him.

"Thank you for your consideration in this matter.

"Sincerely,
"John C. White
"Box P.M.B. 94086
"Atlanta, Georgia 30315

"John C. White, defendant in the Circuit Court Case #20973 in support of his motion to proceed or appeal without required to prepay fees, cost or give security therefor, states that because of his poverty he is unable to pay the cost of proceedings or to give security therefor:

"I swear that the response which I have made to the below relating to my ability to pay the cost of prosecuting the appeal are true.

"I am presently incarcerated in the U. S. Penitentiary Atlanta, Georgia, and have been since March 6, 1970.

"I have not received any income from a business, profession, interest, dividends or other source since the above date.

"I do not own any cash or checking or saving account.

"I understand that a false statement or answer to any questions in this affidavit will subject me to penalties.

"Subscribed and Sworn By Me
"John C. White
"Box P.M.B. 94086
"Atlanta, Georgia 30315

"STATE OF ALA. MOBILE CO.
"I CERTIFY THIS PLEADING
"WAS FILED ON
"MAY 24 5 16 PM '71
"JOHN E. MANDEVILLE"

This document was not laid before the Court of Criminal Appeals when the appeal record was originally sent up. The Circuit Court denied this motion the day it was filed therein, no doubt because of tardiness.

The reason for this motion being too late arises from the fact that the notice of appeal was given by counsel on the day of conviction, November 17, 1970. Thereafter, Michie's Code, T. 15, § 380(16) gave appellant ten days (i. e., by November 27, 1970) to request a free transcript of testimony. See Keeton [v. State], 278 Ala. 81, 175 So.2d 774.

The State was under no affirmative duty —before May 24, 1971, when the first claim of indigency was advanced—to investigate whether or not White was indigent and, if so, to appoint counsel and give him a free transcript of testimony. Worts v. Dutton, 5 Cir., 395 F.2d 341.

In the instant case, as I read the order of the United States District Court, the State of Alabama had the *option* of an out-of-time appeal, or a new trial. We have said that there is no such proceeding as an out-of-time appeal. Hines [v. State], 48 Ala.App. 297, 264 So. 218; Wade [v. State], 51 Ala.App. 441, 286 So. 2d 317.

Moreover, no request was made by the Attorney General for leave to reinstate the appeal. Apart from the discourtesy of this dodge, I consider that jurisdiction cannot be conferred on a court by *only* the consent of the parties.

In my opinion, counsel on this abortive second appeal is not adequately representing his client by failing to insist that under the Federal order his client can only be tried again. The State failed to take an out-of-time appeal to the Fifth Circuit, instead rolled over and played dead as though menaced by the golden dog of Zeus.

Thinking that the Attorney General should stop trying to make our court a mere hearing master for Federal habeas corpus, I respectfully vote to dismiss this appeal.