CATES, Presiding Judge.
Rape: sentence, twenty-five years.
Appellant has moved us to reverse the conviction because the court reporter without good causes delayed the preparation of the transcript of evidence. He does allege that the evidence transcript which was tardily filed was substantially incorrect.
Our Federal courts have taken to offering our State prosecutors (1) new trials, (2) “out of time” appeals or (3) habeas corpus discharges.[1] No consideration seems to be given as to what would be a reasonable time for an appellate court to act. By analogy to the speedy trial case of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, no inflexible test for vitiating prejudice emerges.
We are cognizant that there is presently a crisis in our trial courts due to a shortage of court reporting personnel and funds to pay for evidence transcripts for pauper prisoners who appeal convictions. Time limits are set out in the Appellate Rules but no ultimate time is fixed. Thus in Brooks v. State, 283 Ala. 459, 218 So.2d 271, under the former rules the Supreme Court ordered an evidence transcript to be filed in sixty days, “unless this period be extended by the trial court for cause.”
In the instant case the trial occurred October 1, 1975. The order for a free transcript was made October 8, 1975. The transcript was filed February 6, 1976 with the Circuit Clerk.
Since no reversible error appears (Code 1940, T. 15, § 389) we fail to see any prejudice to the appellant because of the delay. Obviously his sentence has not expired. Since our procedure does not yet recognize video tapes we do not consider that an appellant can expect an instantaneous replay in this Court. Pope v. State, 7 Div. 410, Ms. February 3, 1976, clearly does not apply.
The judgment below is
AFFIRMED.
All the Judges concur.

. This Court has rejected “out of time” appeals. Wade v. State, 51 Ala.App. 441, 286 So.2d 317.