BOWEN W. SIMMONS, Retired Circuit Judge.
This is an appeal from an order of the Circuit Court denying appellant’s petition for a writ of error coram nobis.
It appears that appellant was indicted and judgments entered (1) for forgery and (2) leaving a motel without paying his bill. The separate judgments were entered on separate pleas of guilty. Appeals were taken to this court and both judgments were affirmed without opinions.
Appellant now complains in his pro se petition, that “(he) was advised by his defense attorney to plead guilty, due to witnesses for the defense being out of state, and could not be subpoenaed, and without those witnesses present there was almost no chance for an acquittal, and would receive the maximum if the plea bargain offer was refused”.
It is true defendant was entitled to reasonable opportunity to obtain process for the attendance of his witnesses residing within the jurisdiction of the court. But here it appears that the witnesses were not within the jurisdiction of the court and its attendance process.
Nowhere does it appear in the petition here under consideration that the aid of the court was invoked by appellant to procure process for witnesses within the court’s jurisdiction, nor for a continuance of the cases.
The petition is faulty in failing to assert, and so far as the record reveals appellant did not have any grounds for a writ of error coram nobis.
It is said in Butler v. State, 279 Ala. 311, 184 So.2d 823, that a writ of error coram nobis is not intended to relieve party of his own negligence.
We also observed in Creel v. State, 53 Ala.App. 226, 298 So.2d 647, that it is not the office of a writ of error coram nobis to retry indictments and its mission is to root out egregious fraud or collusion leading to judgment.
*218 Coram nobis relates to matters of fact which had they been pursued in the original trial would have prevented judgment and conviction. Ex Parte Hoback, 44 Ala.App. 613, 217 So.2d 826.
We have said that the function of writ of error coram nobis is not to relieve party of his own negligence in not raising issue at the time of trial where he had full knowledge of facts. State v. Willis, 42 Ala.App. 414, 166 So.2d 917.
We see nothing in the petition that entitled appellant to relief in writ of error coram nobis.
The trial court was justified in denying relief and dismissing petition.
The action of this trial court is due to be affirmed and it is so ordered.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Retired Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All Judges concur.