## No. 7768.

### State of Louisiana vs. Caroline Williams.

|32 335|
|112 345|

Where "an unknown person" is charged as principal in the first degree, in the commission of a rape, it is unnecessary to charge that the party committing the rape was a male.

Formal defects apparent on the face of an indictment must be urged by demurrer or motion to quash.

When an indictment charges one as present, aiding, and assisting in the commission of a felony, the charge against the principal should be in form and substance sufficient to maintain his conviction.

The use of the word "violently" in place of "forcibly" in an indictment for rape, does not vitiate it. It is an equivalent word, and conveys the legal idea aptly, which is sufficient. The tendency of modern criminal jurisprudence is to look rather to substance than form, to ideas rather than words.

APPEAL from the Superior Criminal Court, parish of Orleans. *Whitaker*, J.

No brief for the State.

J. J. Foley for the defendant:

First—An indictment for rape is fatally defective which fails to charge that the act charged was done by force. Russell, vol. 1, p. 675; Blackstone, vol. 4, p. 210; 30 A. 1250; 39 Me. 322; 7 A. 519; Constitution of 1868, article 79; 29 A. 589; 10 A. 195.

Second—That it must appear from the face of the indictment that the unknown principal was a male capable of committing rape.

Third—If the indictment does not conclude against the form of the statute, and the offense is only prohibited by the statute, and not by the common law, it is insufficient, and no judgment can found on it. 2 Hawk Pleas of the Crown, ch. 25, sec. 116; 2 Mass. 116.

The opinion of the court was delivered by

Spencer, J. The defendant was indicted, tried, and convicted as a principal, in the second degree, in the crime of rape. The indictment charges in substance "that a certain person," to the jurors unknown, "with force and arms, in the parish of Orleans, etc., in and upon one Helen Monaghan feloniously and violently did make an assault, and her, the said Helen Monaghan, then violently and against her will, feloniously did ravish and carnally know; and [the grand jurors, etc., further present that one Caroline Williams, etc., with force and arms, etc., feloniously was present, aiding, abetting, and assisting the said person, etc., the felony aforesaid to do and commit, contrary to the form of the statute, etc."

From a judgment sentencing her to imprisonment for life, defendant appeals.

State vs. Williams.

Her counsel relies upon the following points for reversal of the sentence:

First. That the charge against the principal in the first degree does not contain the essential words " by force," or " words equally significant ;" that the word " violently" is not synonymous with or the equivalent of " forcibly," and does not, therefore, aptly express the idea of the law in its definition of rape, which is defined to be " having unlawful and carnal knowledge of a woman *forcibly* and against her will." Blackstone, b. 4, p. 210.

Second. That the charge against the principal in the first degree should have been that his act was " against the form of the statute, etc."

Third. That it should judicially appear from the face of the indictment that the unknown principal was a male capable of committing rape.

The two last-named objections have, we think, little force in them. The charge is that an unknown person *did commit* the crime of rape. If so, then the inference is inevitable that the person was capable of so doing.

If there was any force in the second objection, it comes too late in a motion in arrest. It is a formal defect (if defect it is), apparent on the face of the indictment, and should have been urged by demurrer or motion to quash, before trial. R. S. 1064.

The first point presents more difficulty. It is true that where an indictment charges one as present, aiding, and assisting another in the commission of a felony, the charge against the principal in the first degree should be in form and substance sufficient to maintain his conviction.

The only question as to its sufficiency in the present case arises out of the use of the word " violently " in place of " forcibly " or " by force."

It is not claimed that the indictment must follow, *ipsissimis verbis*, the language of the common-law definitions. But, it is claimed, and justly, we think, that where these words are not used their substitutes must be synonymous or equivalent, and apt for the expression of the legal idea involved in the definition.

This precise question, i. e. the use of " violently " in place of " forcibly," in charging rape, was presented in the case of " the State of Maine vs. Black," reported in 39 Maine, 322. The Supreme Court of that State in that case held that the word " violently " was not an equivalent of " forcibly," and did not convey with technical accuracy the idea of *force*, as involved in the crime of rape. We are not able to agree with that court in its conclusions on this question of philology. Webster defines " violence" as, in its primary sense, meaning " physical force," and " violently " he defines as signifying " with force," " forcibly. "

State vs. Williams.

We think, therefore, that where it is charged that the person un-known did "violently and against her will feloniously ravish and car-nally know" Helen Monaghan, the words do convey aptly the idea that the act was done "by force" or "forcibly." The tendency of mod-ern jurisprudence is to relax the strict technical rules of the common law, and to look rather to substance than form, to ideas rather than words.

We think there is no error in the judgment appealed from, and it is affirmed.

Rehearing refused.