# Warwick *v.* State.

### *Indictment for Murder.*

1. *Appeal in criminal cases; can not be prosecuted by an escaped prisoner.*—As escaped prisoner, who has been convicted of crime, can not be permitted to prosecute an appeal in this court to reverse the judgment of conviction, until he submits himself again to the custody of the law, and to the jurisdiction of the court. (Overruling *Parsons v. State*, 22 Ala. 50.)

2. *Same; when motion to dismiss will be granted.*—Hence, in this case, an appeal from a conviction of murder, it being shown to the satisfaction of the court, that the prisoner had escaped from the custody of his jailer, and was a fugitive from justice, it was ordered, on motion of the Attorney-General, that the appeal should be dismissed, unless it is made to appear, on the regular call of the docket of the Division from which the appeal was taken, at the next term of this court, that the

VOL. LXXIII.

[Warwick v. The State.]

prisoner had submitted himself to the jurisdiction of this court, by returning to the custody of the proper officer of the law.

3. *Same; evidence in support of motion to dismiss.*—The motion to dismiss the appeal in such case may be granted on affidavits showing that the prisoner had escaped from custody, and was a fugitive from justice, without previous notice to the appellant or his counsel.

APPEAL from Pike Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

MOTION in this court to dismiss the appeal, on the ground that the appellant had escaped from custody, and was a fugitive from justice, as shown by affidavits.

H. C. TOMPKINS, Attorney-General, for the motion.

WATTS & SONS, *contra.*

SOMERVILLE, J.—In November, 1883, the defendant was convicted of the crime of murder in the first degree, for which he was sentenced to the penitentiary for life. The present appeal is prosecuted from this judgment, and since the filing of the transcript it is made to appear to the satisfaction of the court, that the accused has unlawfully escaped from the custody of his jailer, and is now a fugitive from justice. The motion is made by the Attorney-General, on behalf of the State, to dismiss the appeal, unless the defendant submit himself to the jurisdiction of the court by returning to custody, by the next ensuing term. ·

The court is unanimous in opinion that the motion is one eminently fit to be granted. This is upon a principle which is one of almost universal cognizance, that a writ of error, or appeal, will ·not be heard in criminal cases, when the party suing it out has escaped from the jurisdiction of the court. Whart. on Cr. Pl. & Pr. (8th Ed.), § 774 *a.*

This rule of procedure is so manifestly reasonable in its requirements as scarcely to need argument for the vindication of either its wisdom or its justice. A prisoner who is in the custody of the law, and is under its sentence, brings himself in an attitude of contempt, when he unlawfully escapes from such custody and defies the authority of both the court and of the law. By breaking loose from his jailer and fleeing from the jurisdiction, it is not unreasonable that he should be adjudged to have waived, at least for the time being, his right to be heard, either by himself or his counsel. There is no rule of law which requires of courts that they should go through the empty and useless form of doing a nugatory thing. It would be a legal mockery to sentence one to be hanged who had fled the State and was beyond the seas. This is not upon the

[Warwick v. The State.]

theory that the personal appearance of the accused in the appellate court is necessary to confer jurisdiction—a rule of the common law which does not prevail either in this, or, perhaps, in any of the other American States.—Arch. Cr. Pl. & Pr. (Pomeroy), p. 622, *note*. It rather grows out of the fact that the necessary basis of all criminal proceedings is the condition precedent, that the accused must be in the custody and under the control of the court, either actual or constructive, before such tribunals of justice will undertake to sit in judgment upon questions involving his life or liberty. It is repugnant to every just conception of judicial proceedings, in the decent and orderly administration of justice, that the accused should occupy an attitude enabling him to accept or reject the judgment of a court, according as it may coincide or conflict with the selfish promptings of his own option. Such a practice would be fraught with much of the evil resulting from the iniquitous conception of permitting a criminal to sit as judge in his own case.

In *Smith v. United States*, 94 U. S. 97, it was very recently held to be clearly within the discretion of the appellate court to refuse to hear a criminal cause in error, when the convicted party had escaped. It was said by Chief Justice Waite, speaking for the United States Supreme Court: "If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it, and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances we are not inclined to hear and decide what may prove only to be a moot case."

The same view is taken in *McGowan v. People*, 104 Ill. 100 (s. c. 44 Amer. Rep. 87), where it was held to be the better practice, that "the cause shall not proceed to a hearing when the persons to be affected are not within the jurisdiction of the court to answer its judgment, but are in the attitude of fugitives from justice." While the personal presence of the accused in the appellate court was deemed entirely unnecessary, it was declared that "it would be idle for the court to proceed to determine the question presented, when the possibility of enforcing whatever judgment it might pronounce must depend upon the option of the fugitives to return into custody, or upon the remote chances of their ultimate recapture by the officers of the law."

In *People v. Genet*, 59 N. Y. 80 (s. c. 17 Amer. Rep. 315), where the accused, after being convicted of a felony, made his escape, the New York Court of Appeals declined to hear an application for a mandamus to compel the sealing of a bill of exceptions taken by him. The reason given was, that a prisoner can not be permitted to take any action, or to be heard in a

[Warwick v. The State.]

criminal proceeding, after his escape from custody, so long as he remains at large. This ruling was not based on any statutory regulation, but was held to be a general rule of our criminal jurisprudence. "The whole theory of criminal proceedings," say the court, "is based upon the idea of the defendant being in the power, and under the control of the court in person." It was added that, "in criminal cases, there is no equivalent to the technical appearance by attorney of a defendant in civil cases, except the being in actual or constructive custody."

In *State of West Virginia v. Conners*, 20 West Va. 1, a like conclusion was reached after a general review of the authorities on this subject; the court announcing it to be clear, both upon principle and authority, that the motion made by the Attorney-General to dismiss the cause should be sustained. It was said that the court ought not to do a nugatory act by hearing the appeal, inasmuch as the appellant could not be compelled to submit to the decision in the event of its being adverse to him. "He might thus be enabled," say the court. "to defeat the ends of justice entirely, for he may be able to keep beyond the reach of the officers, until, by death or removal of witnesses, or other causes, his conviction upon a second trial would be rendered improbable, if not impossible. As he has chosen to undertake to relieve himself by flight in contempt of the authority of the court and of the laws, he can not also invoke the aid of this court."

In *Commonwealth v. Andrews*, 97 Mass. 543, it was adjudged that an escaped convict had no right to have his exceptions heard in the appellate court; that by voluntarily withdrawing himself from the jurisdiction of the court by flight, he had waived his constitutional right to be heard, either by himself or counsel, a hearing of the cause under such circumstances availing nothing.

There are like rulings of numerous other courts of high authority, holding to the doctrine that an escaped prisoner, who has been convicted of crime, shall not be permitted to prosecute an appeal to reverse the judgment of conviction, or be heard for any purpose, until he re-submits himself to the custody of the law and the jurisdiction of the court.— *Wilson v. Com.* 10 Bush (K'y), 526; *Sherman v. Com.* 14 Gratt. 677; *Leftwich v. Com.* 20 Gratt. 716; *Anon.* 31 Me. 592; *State v. Rippon*, 2 Bay (S. S.), 99; *State v. Williams*, 32 La. Ann. 335; s. c. 36 Amer. Rep. 272; *People v. Redinger*, 55 Cal. 290; *State v. Sites*, 20 West Va. 13.

The rule recognized in all the foregoing cases is to grant the motion to dismiss on affidavits, showing the fact of the prisoner's escape, without previous notice to the appellant or counsel.

[Posey v. The State.]

This is manifestly a rule of necessity, and one as to which no objection can lie in the mouth of the fugitive, whose conduct has rendered it imperative upon the court.

The case of *Parsons v. The State*, 22 Ala. 50, is opposed to these views, and must on this point be overruled. The case is obviously an anomaly in criminal jurisprudence, and was not well considered, being entirely unsupported by authority. It is clearly a misconception of this ruling to suppose, that it can properly be regarded as a construction of our statutes, which do not undertake to regulate the subject under discussion. No harm can possibly result by a departure from it, as nothing. is involved in it but a rule of criminal proceeding. It can not be tolerated any more than supposed, that convicts have deliberately broken jail upon the faith of any such infallible rule of procedure.

It is accordingly ordered that the motion to dismiss this cause be granted, unless it shall be made to appear, on the regular call of the docket of the Fourth Division, at the next ensuing term of this court, that the appellant has submitted himself to the jurisdiction of this court, by returning to the custody of the proper officer of the law.