MONROE, C. J.
The state prosecutes this appeal from a judgment quashing, as insufficient, an indictment which reads, in part, as follows:
“Willfully and feloniously did make an assault upon Clara Hope with the felonious intent to commit rape,” etc.
“Rape at common law is the unlawful carnal knowledge of a woman over'the age of ten years, forcibly and without her consent. *’ * * In some states rape is now, or has been, defined by statute substantially as at common law. In others it is punished, eo nomine, without being-defined, in which case the common-law definition applies.” 33 Cyc. pp. 1415, 1416.
“An indictment or information for rape is subject, of course, to all the rules governing-indictments and informations generally. * * * It must allege with certainty every fact and circumstance necessary to constitute the offense. An indictment for statutory rape is sufficient if it describes the offense in the language of the statute, provided the statute states all the essential elements, but not otherwise.” Id. p. 1441.
“The facts constituting the assault or attempt must be so stated as to show that the crime of rape would have been committed if defendant’s purpose had been accomplished. It must be alleged, therefore, that the attempt was made, or that the assault was with the intent, forcibly and against her will, to ravish and carnally know the female, by the use of these; or equivalent, words, unless the female is alleged to have been under the age of consent.” Id. pp. 1447, 1448.
“The indictment need not follow ipsissimis verbis, the language of the common-law definition, but, where these words are not used, the words substituted for them must be synonymous and equivalent and apt for the expression of the legal idea involved in the definition; thus, in an indictment for rape, ‘violently’ is equivalent to ‘forcibly.’ ” Marr’s Or. Jur. of La., p. 4067; State v. Williams, 32 La. Ann. 335, 36 Am. Rep. 272.
We find no error in the judgment appealed from, and it is affirmed.