(106 So. 511)

### HARRISON v. STATE.   (1 Div. 629.)

(Court of Appeals of Alabama.   Nov. 17, 1925.
Rehearing Denied Dec. 8, 1925.)

Criminal law ☜1207—Sentence under act in force when offense committed held proper.

In prosecution for operating gaming tables for an offense committed prior to taking effect of Code 1923, sentence under Code 1907, § 6985, *held* proper, where no election as to punishment was made as required by law, in view of Code 1923, § 5532.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Thomas F. (alias Dicey) Harrison was convicted of operating a gaming table, and he appeals.   Affirmed.

Tisdale J. Touart, of Mobile, for appellant.

Defendant's sentence should have been governed by section 4237 of the Code of 1923. Turner v. State, 40 Ala. 21; 12 C. J. 1102.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The judgment and sentence of the court are in accord with the law.   Code 1923, § 5532.

RICE, J.   Appeal on record proper.   No bill of exceptions.   No error apparent, and judgment is affirmed.

Affirmed.

### On Rehearing.

Appellant makes application for rehearing in the above case and complains that while the appeal is on the record proper, without bill of exceptions, yet error to reverse is shown, in that it appears that, while the trial and conviction were had subsequent to the going into effect of the Code of 1923, yet appellant was sentenced under the provisions of section 6985 of the Code of 1907.

A complete answer to this contention is to be found in the fact that the offense for which the appellant was being prosecuted was admitted to have been committed prior to the said going into effect of the Code of 1923, and, no election as to punishment being made as required by law, the sentence was permitted under the provisions of section 5532 of Code 1923.

The application for rehearing is overruled.

Overruled.

(106 So. 512)

### ANGELO v. STATE.   (6 Div. 783.)

(Court of Appeals of Alabama.   Dec. 8, 1925.)

Criminal law ☜1131(5)—Appeal from conviction dismissed on appellant's becoming fugitive from justice.

Where defendant, appealing from conviction, escaped from prison pending appeal, thus becoming a fugitive from justice, appeal will be dismissed.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

George Angelo, alias Michael Burch, was convicted of burglary, and he appeals.   Appeal dismissed.

Harwell G. Davis, Atty. Gen., for the State.

BRICKEN, P. J.   The defendant was tried and convicted for the offense of burglary. Under the law in this state the penalty for the crime of burglary is confinement in the penitentiary for not less than 1 nor more than 20 years.   In this case the defendant was given an indeterminate sentence of not less than 15 years nor more than 20.   From the judgment of conviction defendant appealed to this court, but elected not to have the judgment and sentence suspended pending the appeal.   He was turned over to the convict authorities as the law requires, and was duly confined in the state penitentiary known as "Kilby Prison" on March 24, 1925. It appears from the sworn certificate of the chief clerk of the convict department of the state that this prisoner escaped from said penitentiary on September 7, 1925, and has never been again apprehended.   He is now a fugitive from justice of the state of Alabama. The cause is here submitted upon motion of the Attorney General representing the state to dismiss this appeal upon that ground.

A fugitive from justice has no standing or rights in the courts of this state; this appeal therefore is accordingly dismissed without further consideration.

Appeal dismissed, appellant being a fugitive from justice.