(108 So. 631)

## LAMBERT v. STATE. (1 Div. 657.)

(Court of Appeals of Alabama. May 18, 1926.)

Criminal law ⊗⇒1131(5)—Appeal from conviction will not be heard where appellant escaped from jail where confined pending appeal and is a fugitive.

Appeal from conviction will not be heard, where appellant escaped from jail where he was confined pending the appeal and is a fugitive from justice, as a fugitive from justice has no standing in court.

Appeal from Circuit Court, Mobile County; C. A. Grayson, Judge.

Isaiah Lambert was convicted of burglary, and he appeals. Appeal dismissed.

BRICKEN, P. J. It appears from the certificate of appeal in this case that this appellant was tried and convicted for the offense of burglary at the October, 1925, term of the circuit court of Mobile county. He was then and there duly sentenced to an indeterminate term of imprisonment in the penitentiary of not less than four years nor more than ten years. Judgment was pronounced and entered accordingly, from which judgment he appealed to this court. Pending the appeal here, he was confined in the county jail of Mobile county.

Under date of March 27, 1926, the sheriff of said county makes certificate, duly verified by oath, that this appellant escaped from said jail on the night of March 26, 1926, and is now a fugitive.

A fugitive from justice has no standing in the courts of this state. Of his own volition this appellant has deprived himself of the right to be heard in this court. His appeal here is dismissed.

Appeal dismissed, appellant being a fugitive from justice.

---

(108 So. 641)

## WRIGHT v. STATE. (5 Div. 622.)

(Court of Appeals of Alabama. May 18, 1926.)

1. Homicide ⊗⇒180—Questions as to defendant's intoxication at and immediately before assault with intent to murder held proper.

In prosecution for assault with intent to murder, by grievously cutting with a knife, questions as to defendant's intoxication at and immediately before the cutting are proper.

2. Criminal law ⊗⇒829(1).

Refusing written charges, though they are correct and apt, is not reversible error, where they are covered by given charges.

Appeal from Circuit Court, Coosa County; E. S. Lyman, Judge.

Tommie Wright was convicted of assault with intent to murder, and he appeals. Affirmed.

L. H. Ellis, of Columbiana, for appellant.

Counsel discusses the questions raised and treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The court properly allowed the state to show the condition of defendant at the time of the difficulty. Suttle v. State, 19 Ala. App. 198, 96 So. 90. The oral charge was full and complete, and fully covered the issues in the case.

RICE, J. Appellant was sentenced, after being duly found guilty by a jury, to serve from 10 to 12 years in the penitentiary, for the offense of assault with intent to murder (by grievously cutting him with a knife) committed upon one Ervin Williams. As stated in the brief filed on this appeal by appellant's able counsel:

"The testimony for the state tended to show that the assault was unprovoked, while that for the defendant tended to show that he cut in self-defense."

No questions are presented to us that have not been many times decided adversely to appellant's contention here.

[1] It was proper to allow the questions as to defendant's condition at, and immediately before, the cutting. Suttle v. State, 19 Ala. App. 198, 96 So. 90. But, if it had not been, we do not see how he could have been injured by the court's action. According to the version of the matter given by the state's witnesses, and which the jury accepted, the defendant would in our opinion have fared no worse if he could have been shown to have been drunk.

The other questions as to the admission or rejection of testimony involve only elementary principles of law, and we are persuaded in the first place that the court committed no error in any of the rulings complained of, and, in the second place, that the verdict of the jury would not have been different had all of the said rulings been changed to meet defendant's contention.

[2] The written refused charges, where correct and apt, were each covered by the trial court's unusually accurate and comprehensive oral charge, or by some one of the charges given at defendant's request, or, in several instances, by both.

Appellant seems to have had a fair trial without prejudicial error anywhere intervening, and the judgment is affirmed.

Affirmed.

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes