Drunkenness is no defense as to either degree of manslaughter. Briley v. State, 21 Ala. App. 473, 109 So. 845; Cagle v. State, 211 Ala. 346, 100 So. 318.

Whether or not the wound inflicted upon deceased by appellant caused the death of deceased was a question properly submitted to the jury for decision. There was no error in allowing the witness Dr. Floyd, sufficiently shown to be qualified as a medical expert, to give his opinion as to this. See Howard v. State, 24 Ala. App. 512, 137 So. 532, certiorari denied 223 Ala. 529, 137 So. 535.

We have endeavored to fully perform our duty under Code 1923, § 3258, aided by the brief filed here on behalf of appellant; but we observe nothing calling for more comment than we have made, above.

Appellant appears to have had a fair trial in every way.

The judgment is affirmed.

Affirmed.

161 So. 109

### CATRETT v. STATE.

I Div. 183.

Court of Appeals of Alabama.

April 30, 1935.

Hybart, Heard & Chason, of Bay Minette, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

PER CURIAM.

This is the second appeal in this case. Catrett v. State, 25 Ala. App. 331, 146 So. 287.

Following a reversal of this case on the former appeal, a second trial was had in the court below on September 27–29, 1933, which trial resulted in the conviction of this appellant for murder in the second degree and his punishment fixed at twelve years imprisonment in the penitentiary. From the judgment of conviction, pronounced and entered, this appeal was taken and the cause was here submitted on November 15, 1934. Pending the appeal here, the appellant has been confined in the penitentiary of this state.

On this the 29th day of April, 1935, this court has been officially informed, as the law requires, that this appellant is now a fugitive from justice, and that he escaped from the penitentiary on April 24, 1935, and is still at large.

Based upon the foregoing official notification that this appellant has escaped and is now a fugitive, the Attorney General, representing the state in this case, has duly filed a motion to dismiss the appeal aforesaid. This motion must be granted, as a fugitive from justice has no rights in the courts of this state. Angelo v. State, 21 Ala. App. 190, 106 So. 512; Lambert v. State, 21 Ala. App. 391, 108 So. 631.

Appeal dismissed. Appellant being a fugitive from justice.