206 So.2d 924

**James R. HAMMONDS**

v.

**STATE.**

**3 Div. 270.**

Court of Appeals of Alabama.

Jan. 16, 1968.

Travis Mathis, Arkadelphia, Ark., for appellant.

MacDonald Gallion, Atty. Gen., and Carl E. Watson, Sp. Asst. Atty. Gen., for the State.

CATES, Judge.

Hammonds was indicted, tried to a jury and convicted of first degree burglary. Code 1940, T. 14, § 85, makes breaking and entering at night with larcenous or felonious intent into "any inhabited dwelling house * * * occupied by any person lodged therein" punishable at the jury's choice by (a) death, or (b) imprisonment in the penitentiary for not less than ten years.

Here the jury assessed twelve years confinement. Upon this verdict of guilt and punishment, the trial judge, after adjudication and allocutus, pronounced sentence accordingly. This on March 8, 1967.

The same day Hammonds's counsel gave notice of appeal. Sentence was suspended and appeal bond was fixed at $18,000.00. Hammonds, on the record here, never made bond.

Now the Attorney General has moved that we dismiss the appeal because as shown by affidavit of the Sheriff of Montgomery County Hammonds escaped from the county jail December 22, 1967, and is a fugitive from justice.

Hammonds's counsel (unless in law his client has dispensed with him by absconding, Irvin v. State, 236 Ind. 384, 139 N.E. 2d 898) counters with the claim that the State has failed to negative the possibility that Hammonds was pressed to break jail.

I.

The only question now before this court is whether to dismiss the appeal conditionally or permanently. No due process question intervenes. Allen v. Georgia, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949. We believe the course of decisions in the Alabama Supreme Court and at least one in this court require that we grant the motion to take effect conditionally.

## II.

We have minutely searched the dockets and record in the Supreme Court as to the appeal of Warwick v. State, 73 Ala. 486, 49 Am.Rep. 59 (4 Div. 553).

There, November 6, 1883, the defendant was convicted in the Pike Circuit Court. On the same day sentence was suspended pending an appeal with questions of law reserved.

Despite this reference in the November 6, 1883, judgment entry, the circuit clerk, in certifying the record with the sealed bill of exceptions, certifies the appeal was prayed December 29, 1883.

At all events, the first installment of the record was filed with the clerk of the Supreme Court January 10, 1884. Then on certiorari on diminution of the record another fourteen pages came up in February, 1884.

On June 6, 1884, the bound record bears Judge Somerville's endorsement, "Motion granted." Under that date the court's docket contains the following order:

"Ordered on motion of the Attorney General, that unless the appellant on or before the day of the next term appointed for the call of the docket of the Fourth Division return to the custody of the Sheriff of the County of Pike, from which he has escaped since the appeal was taken that this appeal be and stand dismissed."

Then on February 12, 1885, we find "Appeal dismissed."

Thus Warwick's appeal was never submitted on any argument as to the merits of the questions of law reserved for consideration of the Supreme Court. See §§ 4978 and 4979, Code 1876, also § 4990.

[3] Our statute implies an acceptance of the results of an appellate review, i. e., new trial or affirmance. However, it does not in any express term vest in the appellate court the power to declare the right of appeal forfeit. Code 1940, T. 15, § 389, reads:

"§ 389. In cases taken to the supreme court or court of appeals under the provisions of this chapter, no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."

"While the right to appeal is purely a creature of our statutes, the Legislature, by adopting the above provisions of our Code, clearly indicates the legislative purpose that such right shall not, in any criminal case, become a mockery, but that the right shall be substantial, and that this court shall see to it that a defendant who has been convicted in a criminal case, and who has reserved a question of law for the consideration of this court, and who prays an appeal, shall be accorded the privilege of having the legal questions presented by his record properly passed upon. * * *" Campbell v. State, 182 Ala. 18, 62 So. 57.

Moreover, escape after a felony conviction is separately punishable as a distinct felony, even to life imprisonment. Code 1940, T. 14, § 153, as amended. Accordingly, dismissal for escape pending appeal more properly should be treated as a civil contempt rather than as an abandonment. Contempt with consequent waiver pro tempore seems to be the ratio decidendi of *Warwick*, supra. Certainly it was this aspect which attracted *Warwick* as an authority in cases in which our Supreme Court has cited it. Ex parte Vaughn, 205

Ala. 296, 87 So. 792, and McEntire v. McEntire, 213 Ala. 328, 104 So. 804.

This course comports substantially with the Supreme Court of Mississippi in Harrelson v. State, 222 Miss. 514, 76 So.2d 516.

■ Also, this court has a practice which permits until the end of term (i. e., June 30) any judge ex mero motu to restore any case to the docket for resubmission. After time for certiorari had passed, Bern v. Rosen, 36 Ala.App. 296, 55 So.2d 361, was revived under this custom so the Supreme Court was then able to review our opinion.

Nor can we ignore the possibility that Hammonds, as his counsel points out, has not been shown by the State's affidavit to have been a voluntary fugitive rather than to have been kidnapped by the jail breakers. We add, however, that his continued freedom strengthens the presumption that he remains at large by choice.

Finally, we must follow the Supreme Court of Alabama. Code 1940, T. 13, § 95.

This reasoning requires that, to the extent of conflict with *Warwick,* supra, the following cases no longer are authority on this point: Belmont v. State, 16 Ala.App. 390, 78 So. 306; Washington v. State, 16 Ala.App. 580, 80 So. 154; Rodgers v. State, 17 Ala.App. 24, 81 So. 360; Angelo v. State, 21 Ala.App. 190, 106 So. 512; Lambert v. State, 21 Ala.App. 391, 108 So. 631; Catrett v. State, 26 Ala.App. 413, 161 So. 109; Brinkley v. State, 26 Ala.App. 546, 163 So. 467. We omit Lessley v. State, 18 Ala.App. 657, 94 So. 262, from this list because the escape came after decision.

■ Hence, the appeal stands dismissed unless before the next call of the Third Division (Code 1940, T. 13, §§ 21 and 22) criminal list (3:00 P. M., Thursday, May 9, 1968) the appellant has purged himself of contempt by returning to the custody of the law. Black v. State, 12 Ala.App. 183, 67 So. 770.

Dismissed conditionally.