294 So.2d 779

**Robert STRANGE**

**v.**

**STATE.**

**8 Div. 502.**

Court of Criminal Appeals of Alabama.

May 7, 1974.

Jetton & Ogden, Guntersville, for appellant.

William J. Baxley, Atty. Gen., and Leon Ashford, Asst. Atty. Gen., for the State, appellee.

LEIGH M. CLARK, Supernumerary Circuit Judge.

This is an appeal from a judgment denying certain relief prayed for by appellant in a petition for writ of error coram nobis.

As shown by the petition, as well as by evidence on the hearing thereof, petitioner-appellant was convicted of robbery and sentenced to ten years in the penitentiary on July 1, 1971. At the time of the filing of the petition, January 24, 1973, petitioner was serving his sentence at Atmore State Prison Farm. In the original petition his sole complaint was of the action of the trial court in overruling defendant's motion for a continuance of the robbery case on the asserted ground that his appointed counsel had not had adequate time to pre-pare a proper defense. The court in due course rendered an order providing for the transportation of petitioner from Atmore for his attendance at a preliminary hearing on his petition on March 9 and for a hearing on the merits thereof on March 23, 1973. Upon a showing of indigency counsel was appointed for petitioner. A hearing at which evidence was presented was conducted on April 13, 1973. At that time the petition had been amended by the addition of paragraph 3 in which it was charged that petitioner "was coerced, and fraudulently and wrongfully induced" to dismiss his appeal, by a named prison official, who allegedly told appellant that he would help appellant get transferred to a prison facility nearer his home and help him get a parole if he would dismiss the appeal. It was alleged that in reliance upon such representation petitioner instructed his counsel to dismiss the appeal and in accordance therewith the appeal was dismissed by the Court of Criminal Appeals on September 5, 1972. There were other amendments to the complaint pertaining to the question of the right to credit on the time of the sentence, which was decided in favor of petitioner without contest.

As to the contention of petitioner that his conviction should be vacated by reason of the alleged action of the trial court in overruling his motion for a continuance, the trial court in "FINDINGS AND JUDGMENT AND MINUTE ENTRY" held:

"In Paragraph 2 of his petition it is claimed that the Court erred in failing to grant defendant a continuance, and by reason of such failure the defendant was denied a fair hearing. The Court finds as follows: On arraignment the defendant represented that he had employed counsel and that there was no need to appoint counsel for him. Defendant was represented on arraignment by counsel arranged for by defendant and his employed counsel, as it was not feasible for his employed counsel to be present on

that day, and after having been fully advised of his rights defendant entered a plea of not guilty, and the case was set for trial. Shortly thereafter defendant's employed counsel, to-wit: Honorable Roy McCord and Honorable J. A. Hornsby, of Gadsden, Alabama, asked to withdraw from the case. The Court held a hearing on June 16, 1971, and on such hearing it was ascertained that a dispute had arisen between his employed counsel and the defendant over payment of fees, and that his employed counsel did not want to further represent the defendant and defendant desired the dismissal of his employed counsel. The Court did not perceive that the defendant's rights would be protected by requiring employed counsle [sic] to continue in the case against the defendant's stated wishes, and the defendant certainly had a right to and did terminate the employment of his former counsel. Defendant was entirely indigent and was not able to obtain new employed counsel. The Court then appointed the Honorable Randy Beard, an experienced, able and practicing attorney of the Marshall County Bar, to represent the defendant and he immediately moved for a continuance. The Court denied the motion for a continuance as it did not appear that it was appropriate and there was sufficient grounds for a continuance. The Court further directed the Honorable Roy McCord to give assistance to the newly appointed counsel according to his ability. Later Mr. McCord was allowed to withdraw, and Honorable Ronald Thompson, an able attorney of the Marshall County Bar was appointed to assist Mr. Beard on trial of the case. The Court finds that the defendant's rights were not prejudiced and he was not denied a fair hearing by reason of the Court's failure to grant a continuance. When the case was called for trial on June 28, 1971, there was an absent witness and the Court passed the case to June 30, 1971, and all witnesses subpoeaned [sic] by the parties were then present. It further nowhere appeared on trial of the case that defendant was in any way prejudiced by trial being held on June 30, 1971, although such trial was over the objections of the defendant and his counsel, as motions for continuances were made and overruled."

■ It is our opinion that the conclusion reached by the trial court as hereinabove quoted is supported by the evidence presented on the hearing, which includes a transcript of the evidence on the trial of the case in which appellant was convicted of robbery, that the trial court did not abuse its discretion in overruling defendant's motion for a continuance and that defendant was not prejudiced by such action. The portion of the judgment quoted above was not assailed on appeal, counsel candidly stating that he "will not argue the contention made by the Appellant that the failure of the trial court to grant a continuance to the Appellant because of the change of counsel is the basis for relief in a Writ of Error Coram Nobis because this writer has been unable, after a thorough search of the law, to find any case to support such a contention."

The only alleged basis for a reversal urged by appellant is to the effect that the trial court was in error as to petitioner's contention that he had been coerced or fraudulently induced to dismiss his appeal. As to this the trial court held:

"In Paragraph 3 of his petition as amended the petitioner claims that he was coerced and fraudulently and wrongfully induced to dismiss his appeal by a prison official. All of these alleged acts occurred while the case was pending on appeal, and at a time when this Court had no jurisdiction over the matter. It is the opinion of this Court that any such claims have to be made to the Court of Criminal Appeals as the case was pending before that Court at all times material to such claims, and that the defendant's motion for dismissal, if wrongfully procured, was filed in that

Court and the motion was granted in that Court. We do not believe this Court has any jurisdiction to undertake a review of any such claims. The Court further adds that it is not reasonably satisfied the defendant was *wrongfully* and *fraudulently* induced to dismiss his appeal."

Appellant relies upon People v. Hairston, 10 N.Y.2d 92, 217 N.Y.S.2d 77, 176 N.E.2d 90, and urges that in line with *Hairston* the trial court should have vacated the sentence and then resentenced defendant so that defendant could again appeal and thereby reserve for review all questions that would have been reviewable if the previous appeal had not been dismissed. In *Hairston* it was held that coram nobis was available to a defendant who had been wrongfully prevented by prison authorities from complying with statutory requirements for taking and perfecting an appeal and that the trial court's action in declining to vacate the sentence and enter a new sentence nunc pro tunc so that defendant could appeal within the time requirement constituted reversible error. *Hairston* is unlike this case, however, in that no action of an appellate court was there involved. The case had not been appealed. No appellate court had acquired jurisdiction of the matter, and no order had been entered by an appellate court.

In the particular respect now considered, the petition constituted an attack upon the judgment of the Court of Criminal Appeals, based upon allegations that there was fraud or coercion on the part of a prison official that induced appellant to obtain an order or judgment of the Court of Criminal Appeals dismissing his appeal. As to paragraph 3 of the petition, no complaint is registered as to the judgment of conviction. In the original petition, petitioner asked specifically that the court enter an order vacating the judgment, verdict and sentence. Upon filing the amendment introducing paragraph 3, petitioner

adds the prayer that the court "will vacate the sentence rendered in this Court and that the Court will reimpose the sentence upon the verdict already had," thus endeavoring to fit the case into the pattern of *Hairston*. Whether courts of Alabama should "expand" the "scope" of coram nobis redress, as did the court in *Hairston*, "when necessary to afford the defendant a remedy in those cases in which no other avenue of judicial relief appeared available" is not necessary for us to decide at this time. Apart from the question of whether other relief is available to appellant, *Hairston* furnishes no precedent for here holding that coram nobis relief is available, for here the judgment or order that constituted the alleged injustice to appellant and the alleged barrier to ultimate justice was a judgment of the Court of Criminal Appeals and not a judgment of the court issuing the writ and to which the writ was returnable.

The nature, as well as the name, of the writ of coram nobis requires generally that a petition therefor be presented in the court that rendered the judgment upon which the attack is made. Smith v. State, 245 Ala. 161, 16 So.2d 315; Brown v. State, 250 Ala. 444, 35 So.2d 518; 24 C.J. S. Criminal Law §§ 1606(5) and 1606(24).

We can see that an expansion of the coram nobis remedy, or one in the nature of such remedy, would not be without good reason in a case in which an appeal had been wrongfully thwarted while the court that tried the case still had jurisdiction to the extent of allowing or of taking judicial cognizance of notice of an appeal, in which no action or judgment of the appellate court was involved. In this case the trial court had lost jurisdiction of the case; it was no longer within the power of the trial court to allow or take cognizance of an appeal by defendant at the time of the alleged fraud or coercion. At that time the case was fully in the Court of Criminal Appeals.

■ That the court on appeal has dismissed the appeal does not preclude appropriate coram nobis relief. Keene v. State, 272 Ala. 596, 133 So.2d 246, cert. denied 369 U.S. 866, 82 S.Ct. 1032, 8 L.Ed.2d 85. The principle is here recognized by us in our review of the action of the trial court as to paragraph 2 of the petition, wherein the petition attacks the judgment of conviction and sentence and seeks to vacate it. Adherence to the principle is also found in Ex parte Hammonds, 45 Ala.App. 468, 231 So.2d 922, which involved a petition for reinstatement of an appeal or an application for rehearing of a dismissal of an appeal v. Hammonds v. State, 44 Ala.App. 256, 206 So.2d 924. It is to be noted that in denying the relief prayed for by way of an application for reinstatement of the appeal or an application for rehearing, the court was not confronted with any allegation or claim of fraud or coercion in inducing the dismissal, as here.

■ Whether the Court of Criminal Appeals would or should grant relief in the particular respect now considered in a proceeding directed originally to it is not at issue at this time. We refrain from either encouraging or discouraging such a proceeding. We are content to hold that the trial court would have acted without authority if it had attempted either to vacate or to bypass the order dismissing the appeal and that the trial judge was correct in declining to do so. The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

The judgment below is hereby

Affirmed.

CATES, P. J., and TYSON, HARRIS and DeCARLO, JJ., concur.