318 So.2d 376

**Grady BRANTLEY**

v.

**STATE.**

**5 Div. 310.**

Court of Criminal Appeals of Alabama.

Aug. 19, 1975.

Grady Brantley, pro se.

William J. Baxley, Atty. Gen. and Jack A. Blumenfeld, Asst. Atty. Gen., for the State.

CLARK, Supernumerary Circuit Judge.

This appeal is from a denial of appellant's petition for habeas corpus.

The petition as originally filed contained lengthy alleged grievances as to petitioner's treatment on his trial and after conviction and sentence to five years imprisonment on a charge of embezzlement. Petitioner claimed many errors on the part of the trial court on the trial, but the gist of his contentions seems to be that he was denied constitutional rights in that his attorney, appointed for him as an indigent, failed to advise him of his right to appeal; that apparently he did not know of the time limit for an appeal until two or three years after his conviction on April 17, 1972; and that in the meantime he had made efforts by correspondence with the trial judge, the clerk and the court reporter to obtain a transcript of the proceedings upon which he was convicted. On the day of the hearing of the petition for habeas corpus, he amended it by adding that on May 10, 1972, he had interposed a guilty plea in another case, which plea was allegedly "obtained by the State of Alabama with a threat and promise in the presence of two or more witnesses."

Evidence on the hearing showed that the two convictions were in a court of another

circuit of Alabama relatively remote from the court in which his petition was filed and by which his petition was heard, the Circuit Court of Elmore County, a proper court for the filing of a petition for habeas corpus by this convict, as at the time of the filing and hearing of the petition he was serving time at Draper Correctional Center, in Elmore County. Code 1940, Tit. 15, § 6.

It further developed on the hearing that there was a third conviction in a court of the other circuit, each conviction being for embezzlement, and that the sentences totaled ten years. These judgments of conviction and sentence were evidenced on the hearing by certified copies of the official records.

For the hearing of the habeas corpus petition, the court appointed counsel for the petitioner as an indigent, and gave petitioner and his attorney a full hearing, although the trial judge kindly stated, almost at the beginning of the hearing, that petitioner was not pursuing an appropriate remedy for his alleged grievances and that whatever remedy he might have would be in the nature of a petition for writ of error coram nobis.

■ Evidence presented at the hearing showed conclusively that the circuit court in which each of the three judgments of conviction and sentence was rendered was acting clearly within its lawful jurisdiction in rendering each of the judgments; that petitioner had not become entitled to his discharge by reason of any subsequent act,

omission, or event;[1] that the process by which he was imprisoned was not void, was issued in each case under circumstances allowed by law and that he was being detained by legal authority. This meets any claim via habeas corpus that petitioner is illegally imprisoned or restrained of his liberty. Code of Alabama, Tit. 15, § 28; *Aaron v. State,* 43 Ala.App. 450, 192 So.2d 456 (1966).

■■ Whether any or all of the threefold claim for relief can be successfully vehicled by a petition for writ of error coram nobis is not for us to say at this time, but we think it appropriate to call the attention of appellant, who appears here pro se, to the proper forum for such an effort, the court in which the particular judgments of conviction and sentence were rendered. *Strange v. State,* 52 Ala.App. 531, 294 So.2d 779. It would not have been appropriate for the court below to have granted petitioner's request for relief by whatever form or name presented.

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

All the Judges concur, except CATES, P. J., not sitting.

1. Any contention otherwise is directed solely to action of the trial court, or action subject to its supervision and control, as to the conviction and sentence in the case constituting the sole basis for the petition before its amendment. Even though such action followed the date of petitioner's "original conviction," it was still within the time (six months at least) during which the jurisdiction and control of the trial court as to questions related to defendant's right to an appeal (the appointment of counsel on appeal and defendant's entitlement to a free transcript) continued. As to this, as otherwise indicated in this opinion, a court of concurrent jurisdiction has no control. The field of application for the statutory provision permitting habeas corpus relief by reason of an occurrence after an original lawful imprisonment is outlined in *Ex parte Nations,* 42 Ala.App. 128, 154 So.2d 762 (1963), by illustrations of (1) established performance of the terms of a convict's imprisonment and (2) a pardon.