329 So.2d 608

**Mancll Paul QUINN**

v.

**STATE.**

**8 Div. 481.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Joe Gilliland, Russellville, for appellant.

William J. Baxley, Atty. Gen., and Rosa Hamlett, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

This court on November 4, 1975, remanded this cause to the circuit court from which this appeal originated. In the remand we directed the trial court, without the aid of a jury, to determine whether appellant had been denied a speedy hearing, as he contended in his motion filed at nisi prius, and to report to this court.

We further directed that defendant, or his counsel, to be notified of the date to be fixed for the hearing, to the end that defendant shall be present if he so desires and be allowed to present evidence in support of his motion.

It appears from the original record, filed here on July 18, 1975, that defendant was convicted of burglary in the second degree pursuant to an indictment therefor. The court sentenced him to three and one-half years imprisonment in the penitentiary and judgment entered accordingly. Thereupon, defendant made known to the court that he desired to appeal from this judgment and moved the court that execution of the judgment be suspended pending the appeal. Sentence was suspended and appeal bond was set at $9,000. For aught appearing the bond was never made.

In the report which we mandated the trial court to make to this court, it appears that the trial judge ascertained that the defendant was not present. Thereupon, the court made inquiry of Mr. Gilliland, defendant's attorney.

We quote from the court's report as follows:

.  .  .  .  .  .

"MR. GILLILAND: The defendant's attorney does not know where Mr. Quinn is. I have no correspondence. I have not seen him, since the date of his sentence in this Court on November 26, 1973. I understand from talking to Assistant Attorney General Rosa Hammock [sic], who handled the Appeal for the State of Alabama, that upon Mr. Quinn's finish-

ing his sentence at the Atlanta Penitentiary in Atlanta, Georgia, that he was released by the Board of Corrections on August 7, 1974, at which time the Board of Corrections states that they had no knowledge of the conviction from which this Appeal was taken. A Writ of Arrest was duty [sic] issued at that time and Mr. Quinn, to this day, remains at large as Defendant's attorney knows.

"MR. JOLLY: At this time, the State of Alabama would like to offer an Affidavit signed by the District Attorney and the District Attorney would further like to state to the Court that he has no knowledge and has no information concerning the presence [sic] whereabouts of the defendant, but the defendant has remained at large since his release by the Board of Corrections on August 7, 1974.

"MR. GILLILAND: On November 4, 1975, the Alabama Court of Criminal Appeal [sic] issued a Remand in this particular case, in order that we can add to the record in this Appeal and on to-wit the 15th of November, the Circuit Court of Franklin County issued an Order setting Friday, November 21, as the date for the hearing to add to the record in this case. The defendant has not been found as the defendant's attorney has previously stated. At this time, the defendant's attorney would like to make a motion for a continuance in this cause."

The continuance was denied.

Now comes the State of Alabama, by and through the Attorney General, and moves the court as follows:

"For that it appears from the record filed in this Court on December 17, 1975, that the trial court, the district attorney and defense counsel have made a diligent effort to ascertain the whereabouts of appellant and that the whereabouts of appellant is unknown to the appellee or its agents or employees at this time; and

"For that appellant has therefore abandoned his appeal by not making himself available to the jurisdiction of this Court.

"WHEREFORE, PREMISES CONSIDERED, Appellee respectfully prays this Court to enter an order dismissing the above styled appeal."

We think the foregoing motion has merit and should be granted. The absence of appellant-defendant and his inability to be located or found is equivalent to an escape for that he is not within the actual or constructive jurisdiction of the court.

Justice Somerville speaking for the Supreme Court of Alabama, in *Warwick v. State*, 73 Ala. 486, observed:

". . . There is no rule of law which requires of courts that they should go through the empty and useless form of doing a nugatory thing. It would be a legal mockery to sentence one to be hanged who had fled the State and was beyond the seas. This is not upon the theory that the personal appearance of the accused in the appellate court is necessary to confer jurisdiction—rule of the common law which does not prevail either in this, or, perhaps, in any of the other American States.—Arch.Cr.Pl. & Pr. (Pomeroy), p. 622, note. It rather grows out of the fact that the necessary basis of all criminal proceedings is the condition precedent, that the accused must be in the custody and under the control of the court, either actual or constructive, before such tribunals of justice will undertake to sit in judgment upon questions involving his life or liberty. It is repugnant to every just conception of judicial proceedings, in the decent and orderly administration of justice, that the accused should occupy an attitude enabling him to accept or reject the judgment of a court, according as it may coincide or conflict with the selfish promptings of his own option. Such a practice would be fraught with much of the evil resulting from the iniquitous conception of

permitting a criminal to sit as judge in his own case."

The Supreme Court of the United States in *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377, rendered on March 17, 1975, held that a Texas statute authorizing dismissal of an appeal taken by an escaped prisoner did not violate the equal protection clauses of Amendment XIV, § 1 of the Constitution of the United States.

It is therefore ordered that the instant appeal be dismissed.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Appeal dismissed.

All the Judges concur.