LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a dismissal by the trial court of a petition for writ of error coram nobis.
The petitioner alleged, inter alia, that petitioner, the present appellant, was convicted in said trial court on November 21, 1975, of the crime of selling a controlled substance listed in the Alabama Uniform Controlled Substances Act of 1971, and on the same day he was sentenced to imprisonment in the penitentiary for a term of ten years and one day. As an indigent, he was represented by counsel appointed by the court. On the same day of his conviction and sentence, defendant through his counsel gave notice in open court of an appeal. The court appointed the same counsel to represent him on appeal. Different counsel represents appellant on the appeal now before us.
The appeal from the conviction and sentence was never perfected. No transcript of the evidence has ever been filed, and there was nothing for this court to review as of July 20, 1976, eight months after .the case was appealed, when this Court entered an order dismissing the appeal. On September 29, 1976, counsel different from counsel on the trial and on the previous appeal, and different from counsel in the coram nobis proceeding and on this appeal, filed a motion to set aside the dismissal of the appeal from the conviction and sentence, which motion was denied by this Court on October 1, 1976.
The petition for writ of error coram nobis was filed May 21, 1977. There was a hearing thereon on August 12, at which hearing petitioner-appellant and his former attorney testified extensively. Two other witnesses also testified on the hearing. On August 22, the court entered an order adjudging that defendant was not entitled to any relief prayed for in the petition and dismissing the petition. Thereafter, the court granted petitioner’s request as an indigent for a free transcript of the evidence and proceedings in the coram nobis case.
The gravamen of the petition for writ of error coram nobis is that defendant’s former counsel failed “to timely file a petition for the transcript of the trial and . to otherwise timely effect an appeal to the Court of Criminal Appeals” and that he thereby was deprived “of his right to effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution and to due process of law guaranteed to your petitioner by the Fourteenth Amendment of the United States Constitution and in Article I, Section VI of the Alabama Constitution (1901).”
The pleadings and the undisputed evidence show that an effort was made by petitioner’s former counsel, in the form of a petition filed March 23, 1976, to obtain a free transcript on the basis of petitioner’s alleged indigency, in order that petitioner might adequately present an appeal from the judgment of conviction and sentence. That petition was denied by the court on March 24, 1976, and there is no disagreement between the parties hereto as to the correctness of the court’s ruling as to that petition, as the right to a free transcript of the evidence on the trial of the case resulting in the conviction and sentence had expired. Code of Alabama 1940, 1973 Cum. Pocket Part, Tit. 15, § 380(16).
*529 The trial court was not in error in dismissing the petition for writ of error coram nobis. Applicable here is what we held in Strange v. State, 52 Ala.App. 531, 294 So.2d 779, 783 (1974):
“We can see that an expansion of the coram nobis remedy, or one in the nature of such remedy, would not be without good reason in a case in which an appeal had been wrongfully thwarted while the court that tried the case still had jurisdiction to the extent of allowing or of taking judicial cognizance of notice of an appeal, in which no action or judgment of the appellate court was involved. In this ease the trial court had lost jurisdiction of the case; it was no longer within the power of the trial court to allow or take cognizance of an appeal by defendant at the time of the alleged fraud or coercion. At that time the case was fully in the Court of Criminal Appeals.”
We also said in Strange v. State:
“Whether the Court of Criminal Appeals would or should grant relief in the particular respect now considered in a proceeding directed originally to it is not at issue at this time. We refrain from either encouraging or discouraging such a proceeding. We are content to hold that the trial court would have acted without authority if it had attempted either to vacate or to bypass the order dismissing the appeal and that the trial judge was correct in declining to do so. The judgment of the trial court should be affirmed.”
With especial reference to the last quoted statement from Strange, without prejudice to any future action by petitioner, we note that, although the trial court dismissed the petition in the case now before us on the ground that it did not have jurisdiction to grant the relief prayed for therein, it also stated in its judgment the following:
“Although this court, at this time, is not concerned with such controversy [the issue whether the failure to obtain a free transcript was the fault of court appointed counsel], the court is not reasonably satisfied that the Petitioner acted diligently or cooperated with his attorney to obtain a free transcript.”
We affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.